## WELSH v. THE DES MOINES INSURANCE COMPANY.

Insurance: NO PROOF OF LOSS: WAIVER: EVIDENCE. In this action on a policy of insurance against damage by lightning, it appears that there was no proof of loss (see same case, 71 Iowa, 337), but plaintiff alleged a waiver of such proof, but the evidence (see opinion) does not tend to establish such waiver, but the contrary. *Held* that the court erred in refusing to direct a verdict for defendant.

*Appeal from Boone District Court.*—HON. D. R. HINDMAN, JUDGE.

FILED, MAY 14, 1889.

THIS is an action upon a policy of insurance against loss by fire and lightning. The case is before this court for the second time. See 71 Iowa, 337. Since the former appeal there was a trial by jury, verdict and judgment for plaintiff, and defendant appeals.

*Cole, McVey & Clark* and *E. L. Green*, for appellant.

*S. R. Dyer*, for appellee.

GIVEN, C. J.—On the former appeal this court held that the evidence failed to show any proof of loss, and that the evidence tending to show a waiver of such

Welsh v. The Des Moines Ins. Co.

proof on the part of the defendant should have been excluded, as there was no allegation in the petition that proofs of loss were waived. The only change in the state of the issues since the former appeal is that the plaintiff, by amendment, alleges that the defendant waived notice and proof of loss, and in support thereof on the trial introduced in evidence a letter dated September 5, 1885, from the secretary of the defendant company to the plaintiff. It is claimed in behalf of plaintiff that the defendant, having received the statements of E. Eatwood, Alf. L. Torblom and E. A. Warren, did by said letter of September 5 waive any further proof of notice and loss. The letter is as follows : " Your favor of second inst. just received, and I must confess to a feeling of surprise that you do not consider the matter of your claim already settled. We sent a representative to your place in your interests as well as those of the company. The evidence gathered by him while there seemed to us most conclusive, and to our minds proof beyond a doubt that the animal died from milk fever, and had not been stricken or injured by lightning. You have the right to reopen this matter, and make proofs of loss, in which you must establish the fact that death was caused by lightning ; that you fully sustain your claim by your own statement under oath, substantiated by the sworn evidence of your neighbors, who must be also freeholders." Following the former ruling in this case, we must say that there was no proof of loss, as required by the policy. There being no other evidence of waiver than the letter of September 5, we think that that letter does not only not waive proofs of loss, but advises the plaintiff of her right to reopen the matter and make proofs of loss, and informs her what must be established thereby. See *Cornett v. Insurance Co.*, 67 Iowa, 388. The time for proving loss had not expired at the date of this letter. There being no evidence that proof of loss was made or waived, the plaintiff was not entitled to recover, and the court erred in not sustaining the defendant's motion for verdict.

REVERSED.