KNUDSON, Respondent, vs. HEKLA FIRE INSURANCE COMPANY, Appellant.

*November 7 — December 3, 1889.*

*Insurance against fire: Agency: Waiver of conditions of policy: Proofs of loss: Nonsuit.*

1. After a policy of insurance has been issued and accepted, a mere local agent cannot waive its conditions, where the policy itself prohibits such waiver.

2. Where the policy provides that the company will not be liable for any agreement made by its agents, except such as shall be indorsed, signed, and dated in writing on the policy, such agent cannot verbally waive a condition of the policy.

3. In an action upon a policy of insurance the plaintiff's testimony was to the effect that he made to the adjuster a statement of the property destroyed and its value; that the adjuster made a memorandum thereof in writing, but claimed that the estimate was too large, and offered $600 in settlement of the claim, which plaintiff refused; that the adjuster refused to pay more than $600, and intimated that if the plaintiff did not accept that sum he would have to sue the company. The testimony for the defendant was that the adjuster did not offer to pay $600, but said if plaintiff would agree to settle for that sum he would advise the company to pay it; that when plaintiff refused to take that sum the adjuster told him the whole matter must stand as though their interview had not taken place, and that he had his policy to rely upon and must prove his loss. The policy provided that "no action taken preliminary to an adjustment of a claim, to ascertain the amount and validity of such claim, shall be considered or treated as a waiver of any of the rights of this company." *Held*, that there was no evidence of a waiver of the condition of the policy requiring due proofs of loss to be furnished.

APPEAL from the Circuit Court for *St. Croix* County.

Action upon a policy issued by the defendant company, insuring the plaintiff against loss of, or damage to, his barn and certain personal property by fire, for three years from August 17, 1887, in the sum, in the aggregate, of $850. On November 11, 1887, the barn and most of the insured personal property were destroyed by fire.

The policy contains a stipulation in the form usual in fire insurance policies, requiring the assured, in case of loss, to render to the company sworn proofs of loss containing certain specified information within thirty days after such loss, and that the loss is not payable until after such proofs are so rendered. No proofs of loss were ever rendered to the company, but the plaintiff claims the same were waived by the company. To establish such waiver the plaintiff relies exclusively upon certain conversations had about a week after the fire. One of these was between himself, his son, who acted as his interpreter (the plaintiff not understanding the English language), and two agents of the defendant company,— McCurdy, its general agent and adjuster, and Gilbert, one of its local agents, who issued the policy in suit. These persons met accidentally, and the conversation was concerning the plaintiff's loss. The other conversations were between Gilbert and himself and son.

The testimony on the part of the plaintiff as to what occurred in the conversation with McCurdy is to the effect that at the request of McCurdy plaintiff's son made a statement to him of the property destroyed and its value, of which statement McCurdy made a memorandum in writing; and that McCurdy disputed the accuracy of such estimated value, claiming it was too large, but finally offered plaintiff $600 in settlement of his claim; that plaintiff refused to accept such offer, and McCurdy refused to pay more than $600 on account of his loss, and intimated to the plaintiff

that if he did not accept the offer he would have to sue the company.

On the part of the defendant, the testimony is that McCurdy did not offer to pay $600, but said if plaintiff would agree to settle for that sum he would advise the company to pay it; and that when plaintiff refused to take that sum McCurdy told him the whole matter must stand as though their interview had not taken place, and the plaintiff must seek his remedy according to the terms of the policy. The testimony is quite voluminous, but the above is believed to be a fair statement of the substance thereof.

At the close of plaintiff's testimony, counsel for defendant moved for a nonsuit, which motion was denied. He also asked the judge to instruct the jury to return a verdict for the defendant. The judge refused so to instruct, but submitted the question of waiver to the jury on the testimony. The jury found for the plaintiff, and assessed his damages at nearly the full amount of insurance written in the policy. A motion for a new trial was denied, and judgment for the plaintiff entered pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *Baker & Helms*, and oral argument by *E. W. Helms.* They contended, *inter alia*, that there was no evidence to show that either the general adjuster of the company or its local agent had authority to waive presentation of the proofs of loss. A waiver can be made only by one having sufficient authority to make it, and such authority must be shown. *Barre v. Council Bluffs Ins. Co.* 76 Iowa, 609; *Hollis v. State Ins. Co.* 65 id. 454; Wood, Ins. sec. 396; *Lohnes v. Ins. Co. of N. A.* 121 Mass. 439; *Bush v. Westchester F. Ins. Co.* 63 N. Y. 531; *Bowlin v. Hekla F. Ins. Co.* 36 Minn. 433; *Hankins v. Rockford Ins. Co.* 70 Wis. 1. Plaintiff is conclu-

sively presumed to have had knowledge of the conditions in the policy, and to have contracted with reference to them. *Cleaver v. Traders' Ins. Co.* 65 Mich. 527; *Hankins v. Rockford Ins. Co.* 70 Wis. 1. The conduct of the agents of the company was not such as to estop it from setting up the failure to furnish proofs of loss. *Insurance Co. v. Eggleston,* 96 U. S. 572; *Underwood v. Farmers' J. S. Ins. Co.* 57 N. Y. 505; *Ripley v. Ætna Ins. Co.* 30 id. 136; 9 Am. & Eng. Ency. Law, 32; May, Ins. sec. 505; *Engebretson v. Hekla F. Ins. Co.* 58 Wis. 301.

For the respondent there was a brief by *R. H. Start* and *L. P. Wetherby,* and oral argument by *Mr. Start.* They argued, among other things, that the general agent and adjuster of the company could waive the provisions of the policy as to the presentation of the proofs of loss. *Renier v. Dwelling House Ins. Co.* 74 Wis. 89; *Gans v. St. Paul F. & M. Ins. Co.* 43 id. 108; *Am. Ins. Co. v. Gallatin,* 48 id. 36; *Shafer v. Phœnix Ins. Co.* 53 id. 361. A provision in a policy that no act or omission of the company or any of its officers *or agents* shall be deemed a waiver of a full and strict compliance with the conditions thereof, except it be a waiver in express terms and in writing, signed by the president or secretary of the company, is ineffectual to prevent a waiver of presentation of proofs of loss by a general agent. *Renier v. Dwelling House Ins. Co.* 74 Wis. 89; *Steen v. Niagara F. Ins. Co.* 89 N. Y. 315; *Lamberton v. Connecticut F. Ins. Co.* 39 Minn. 129; *Willcuts v. N. W. Mut. L. Ins. Co.* 81 Ind. 308; *Wheaton v. North British & M. Ins. Co.* 76 Cal. 415; *King v. Council Bluffs Ins. Co.* 72 Iowa, 310; *Niagara Ins. Co. v. Lee,* 73 Tex. 641; *Eastern R. Co. v. Relief F. Ins. Co.* 105 Mass. 570; *Indiana Ins. Co. v. Capehart,* 108 Ind. 270. The agent Gilbert also had authority to waive the presentation of proofs of loss. *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108; *Roberts v. Continental Ins. Co.* 41 id. 321; *Schomer v. Hekla Ins. Co.* 50

id. 575; *Winans v. Allemania Ins. Co.* 38 id. 346; *Alexander v. Continental Ins. Co.* 67 id. 422; *Am. Ins. Co. v. Gallatin,* 48 id. 36; *Palmer v. St. Paul F. & M. Ins. Co.* 44 id. 205; *Bartlett v. Fireman's F. Ins. Co.* 41 N. W. Rep. (Ia.), 601; *Silverberg v. Phenix Ins. Co.* 67 Cal. 36.    The acts of the agents of the company were such as to estop it from relying upon the failure to furnish proofs of loss.    *McBride v. Republic F. Ins. Co.* 30 Wis. 568; *Zielke v. London Ass. Corp.* 64 id. 445; *Commercial F. Ins. Co. v. Allen,* 1 South. Rep. (Ala.), 202; *Niagara Ins. Co. v. Lee,* 73 Tex. 641; *Security Ins. Co. v. Fay,* 22 Mich. 467; *Smith v. Home Ins. Co.* 47 Hun, 30; *Badger v. Phœnix Ins. Co.* 49 Wis. 400; *Am. Cent. Ins. Co. v. Sweetzer,* 116 Ind. 370; *Nickerson v. Nickerson,* 80 Me. 100; *Lebanon M. Ins. Co. v. Erb,* 112 Pa. St. 149; *Susquehanna M. F. Ins. Co. v. Hallock,* 14 Atl. Rep. (Pa.), 167; *Phœnix Ins. Co. v. Spiers,* 87 Ky. 285; *Dial v. Valley M. L. Asso.* 29 S. C. 560; May, Ins. (2d ed.), secs. 505, 507.

LYON, J.    By the terms of the policy in suit, the rendering of sworn proofs of loss to the defendant company, within thirty days after the destruction of the property by fire, is a condition precedent to the right of the plaintiff to recover in this action.    That such proofs were not so rendered is undisputed.    Hence the plaintiff is not entitled to recover on the policy, unless the company has waived such proofs.    The plaintiff claims that it did waive them, and relies exclusively upon the conversations with McCurdy and Gilbert to establish such waiver.

Gilbert was a local agent of the company, and as such insured the plaintiff's property.    Some of the conversations relied upon were with Gilbert alone.    An objection to the admission of testimony of what Gilbert said on those occasions was made on behalf of the defendant company.    The objection should have been sustained and the testimony ex-

cluded. There is no proof that Gilbert had any authority in the premises, beyond that of an ordinary local agent. Whatever power he may have had when he made the contract of insurance to waive conditions in the policy, he had no power, by its terms, as a mere local agent, to waive such conditions afterwards. It was so held in *Hankins v. Rockford Ins. Co.* 70 Wis. 1. We must therefore exclude from our consideration of the case the testimony of such conversations with Gilbert alone.

There is another ground upon which such testimony should be excluded. The alleged waiver by Gilbert was verbal. It is provided in the policy that "agents' have no authority to make any verbal agreement whatsoever for or on behalf of this company; and this company will not be liable for any agreement except such as shall be indorsed, signed, and dated in writing on this policy."

For the purposes of this appeal it will be assumed that McCurdy, who testified that he was the general agent and adjuster of the defendant company, was competent to make a valid waiver of proofs of loss, and that he might make the same by parol. Did he do so? The question must be answered in the negative. It does not appear that anything was said by him to the plaintiff or his son concerning proofs of loss, except Gilbert testified that McCurdy said to plaintiff's son, who repeated it to his father: "If you don't have an offer to make, then the whole thing stands just as if we never saw you. You have the policy to rely upon, and you must prove your loss if you have got any to make." The subject was not otherwise alluded to in the conversation between them. There was no denial by McCurdy of defendant's liability on the policy, nor was anything said inconsistent with the theory that if the matter was not then settled McCurdy expected the plaintiff would make such proofs as are required by the policy. Nor was anything said which gave the plaintiff the right to believe that he

was relieved from making such proofs.    All reasonable inferences from the conversation as detailed in the testimony are to the contrary.    Neither was any act required of the plaintiff by McCurdy, the doing of which would estop the company to assert the obligation of plaintiff to render such proofs.    Moreover, the plaintiff was negotiating with McCurdy concerning a contract in which he agreed that " it is an essential element of the consideration for the insurance under this policy, that no action taken preliminary to an adjustment of a claim, to ascertain the amount and validity of such claim, shall be considered or treated as a waiver of any of the rights of this company."

The proofs in this case are not as strong for the plaintiff as they were in *Engebretson v. Hekla F. Ins. Co.* 58 Wis. 301, in which case this court sustained a nonsuit for want of any proof of a waiver by the company of a stipulation in the policy.

There being no competent evidence of a waiver by defendant of the rendition of due proofs of loss, the motion for a nonsuit should have been granted.    The same having been denied, the jury should have been instructed to find for the defendant.

Other errors are assigned, but it is unnecessary to consider them.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.