Maddox v. German Ins. Co.

AQUILLA P. MADDOX, Respondent, v. THE GERMAN INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, February 4, 1890.

1. **Pleading**: WAIVER OF CONDITION. The waiver of conditions in an insurance policy may be shown in evidence under pleadings averring a performance of such conditions.

2. **Fire Insurance** : WAIVER OF PROOFS. An absolute denial of liability, made by the insurer to the insured while the right to furnish proofs of loss is undetermined, constitutes a waiver of the right to such proofs.

3. ———: ———. The right to proofs of loss may be waived otherwise than by an absolute denial of liability by the insurer, or a distinct recognition of liability without regard to the delivery of such proofs; there may be a shuffling, tricky or evasive course of conduct on the part of the insurer, amounting neither to such absolute denial nor to such distinct recognition of liability, which would lead a reasonably prudent man to believe that proofs of loss are not to be required.

4. ———: ———. The fact that an adjuster of the insurer visited the place of fire and offered to settle the loss with the insured upon a certain basis, which offer was rejected by the insured, does not establish a waiver of the right of the insurer to proofs of loss.

5. **Practice, Trial** : INSTRUCTIONS NOT WARRANTED BY THE EVIDENCE. It is error for the trial court to give an instruction, which is based upon a hypothesis of fact, in support of which there is no evidence.

*Appeal from the Ralls Circuit Court.*—HON. THOMAS H. BACON, Judge.

REVERSED AND REMANDED.

*G. W. Barnett* and *James P. Wood*, for the appellant.

There is no evidence in this case that plaintiff furnished the proofs of loss required by the terms of the policy, and it was improper to permit plaintiff to prove

a waiver of such proofs, as no waiver was pleaded by plaintiff, but on the contrary he pleads performance. *Lanitz v. King*, 93 Mo. 513; *Pier v. Reinrichoffen*, 52 Mo. 333; *Bank v. Hatch*, 78 Mo. 24; *Nickols v. Larkin*, 79 Mo. 265; *Bank v. Westlake*, 21 Mo. App. 565; Boone on Code Pleading, sec. 222; *Bernard v. Ins. Co.*, 40 Iowa, 442; *Fauble v. Davis*, 49 Iowa, 462; *O'Leary v. Board of Ed.*, 9 Daly, 161; *Edgerly v. Ins. Co.*, 43 Iowa, 587; *Lumbert v. Palmer*, 29 Iowa, 104; *Woolsey v. Williams*, 34 Iowa, 413; *Oakley v. Marton*, 11 N. Y. 25; *Livsey v. Hotel Co.*, 5 Neb. 50; *Rush v. Ottenheimer*, 6 Or. 231; *Phillips v. Scharck*, 37 Iowa, 229; *Rogers v. King*, 66 Barb. 495. And a demurrer to the evidence should be sustained where there is a substantial variance between the allegations in the petition and the proofs. *Trimble v. Stewart*, 35 Mo. App. 537. Even if the pleadings had authorized evidence of a waiver, yet the court should have sustained the demurrer to the evidence for the reason that there was no evidence of a waiver of the condition requiring proofs of loss. To constitute a waiver the insurer, through its agents, while there is yet time for a compliance, must do or say something that leads the insured to understand that proofs, if furnished, would be unavailing, that is, that the insurer had refused to pay the loss on some grounds other than the failure to furnish the proofs, or must have given insured to understand that the information received was satisfactory and that no other proofs would be required. *Williams v. Ins. Co.*, 54 Cal. 442; *Gale v. Ins. Co.*, 33 Mo. App. 664; *Colomans v. Ins. Co.*, 3 Mo. App. 56; 2 Wood on Fire Ins. [2 Ed.] secs. 443, 439.

*G. W. Whitecotton*, for the respondent.

We submit that the evidence and circumstances in this case completely establish a waiver of proofs of loss. "The waiver must be either expressed, or must result from such acts or conduct on the part of insurer as

Maddox v. German Ins. Co.

operate as an estoppel against the defense, predicated upon the ground of a failure to comply with the condition on the part of the assured, and in all cases the question is for the jury to determine whether compliance was waived." Wood on Fire Ins. 702; *Weber v. Ins. Co.*, 35 Mo. App. 523. The court correctly stated the law upon the question of waiver in defendant's instruction number 1, as modified by the court. *Schultz v. Ins. Co.*, 57 Mo. 331-335. It is not necessary that defendant should have made a refusal of any definite character to pay plaintiff's loss; a failure to do so may be equivalent to a refusal. *Kyle v. Hoyle*, 6 Mo. 526, p. 545; *Chase v. Williams*, 74 Mo. 429, 434. As to whether or not defendant did refuse to pay the loss upon the grounds of plaintiff's having burned the insured property, or for any reason other than that of his failure to furnish proofs of loss, is an issue to be determined by the jury, under proper instructions by the court, from all the evidence and circumstances in the case. *Shaw v. Potter*, 50 Mo. 283; *Breckenridge v. Ins. Co.*, 87 Mo. 63, 73. The law was properly declared to the jury in defendant's instruction number 1, as modified by the court.

THOMPSON, J., delivered the opinion of the court.

This was an action upon a fire insurance policy. The plaintiff had a verdict and judgment, and the defendant appeals.

The questions presented for consideration will be taken up in the manner in which they are stated in the appellant's printed argument.

I. The first assignment of error is that the court erred in permitting the plaintiff to prove a waiver of proofs of loss under his petition, which did not plead a waiver, but pleaded *performance* on his part of the conditions of the policy. This assignment of error is not well taken. It has been several times decided in this

state that, under a petition alleging performance of the conditions of a fire insurance policy, the plaintiff may give evidence of a waiver by the defendant of those conditions touching proofs of loss, since a waiver is regarded as merely a mode of performance. *St. Louis Ins. Co. v. Kyle*, 11 Mo. 278; *Russell v. Ins. Co.*, 55 Mo. 585, 593; *Schultz v. Ins. Co.*, 57 Mo. 331. So held in *Okey v. Ins. Co.*, 29 Mo. App. 105. These holdings are not overruled by *Lanitz v. King*, 93 Mo. 513, 518, though, in view of what is there said, they may be regarded as affording exceptions to the general rule that the allegations and the proofs must correspond. The question is distinctly settled in this state as a rule of procedure by the three decisions above quoted.

II. It is next assigned for error that there is no evidence upon which the question of waiver of proofs of loss could properly have been submitted to the jury. We do not take this view of the evidence. Mr. Whitecotton, the plaintiff's attorney, testified that, in an interview with the defendant's agent, which took place within thirty days after the fire, and consequently within the period stipulated in the policy for the furnishing of proofs of loss, the following conversation was had : "I went to my office after supper about eight o'clock, Mr. Gilchrist came there, and I directed his attention to the main business at once. Mr. Gilchrist discussed the manner in a kind of roundabout way, and I pressed him to know what he was going to do. He told me that he had business, I think it was out with Dr. Cole. I offered to send for Maddox (the plaintiff), and have him here the next day. He would not do that; and then I asked him, when he went over there, to come by, and I would go over to Mr. Maddox's with him. Then he said, 'This matter has been spoken of in your presence;' that it was best for it not to get out that Mr. Maddox had consulted an attorney. He said that there were bad reports out about it, and that it was a

clear case of incendiary fire; that the company were suspicious of Mr. Maddox, and that it was best for the company not to know that he had consulted an attorney about it. I told him that if that company of his was a baby and was going to cry about it, I will not say anything about being retained in the case. Then I took down from a pigeon hole an envelope containing the policy, and also this identical paper that Mr. Maddox has read in your hearing. I took out the policy, and we discussed the matter some. We talked about this three per cent. off for wear and tear. I told him I knew all about the house and barn, that they were in good condition, and were worth much more money. He said : 'Oh, well, I suppose there will be no trouble about that. There is no doubt that the articles were lost.' I then put the question to him, 'Do you or not recognize the fact that you have been notified concerning the loss ?' He said: 'Yes.' Then I said : 'So we agree on the fact that the loss is about what we say it is ?' And he said : 'There is no controversy about that.' He said when he had run down these reports and investigated them, he would be ready to adjust the matter. That is the substance of our conversation. He put his delay on the express condition that there were suspicions of Maddox having burned the property, and, if that was not true, there was no controversy about adjustment. He stated, that he himself, at that time, would make an investigation; and, at another time, he told me that he had put the matter out of his hands and that he could not talk with me about it any more. This was several weeks after the fire."

There was evidence of a subsequent conversation between the adjuster of the defendant and the plaintiff, which is regarded by the plaintiff as evidence of a waiver of proofs of loss; but, as this took place subsequently to the expiration of the thirty days named in the policy as the period within which proofs of loss

Maddox v. German Ins. Co.

could be made, we do not dwell upon it further than to
observe that it is corroborative of the theory of fact
which the jury were well warranted in taking from the
evidence, that the defendant, from the first, took the
ground that this was an incendiary fire, and that it was
not bound to pay anything, which, as has been fre-
quently held, amounts to a waiver of proofs of loss. In
reference to this second conversation, the court instructed
the jury, on the request of the defendant, that a waiver
of proofs of loss, made more than thirty days after the
fire, would not be effective.

III. The defendant requested, and the court refused,
the following instruction : "The court instructs the jury
that, before they can find in this case that there has
been a waiver of the terms of the policy requiring
proofs of loss, they must believe from the evidence that
defendant's agent or adjuster did or said something
that led plaintiff to believe and understand that such
proofs would be of no avail if furnished, and that such
agent or adjuster must have absolutely refused to pay
such loss, and placed his refusal on some ground other
than the failure to furnish proofs of loss, thus giving
plaintiff to understand that payment would be refused,
even though sufficient proofs were furnished; or must
have distinctly recognized the company's liability, and
given the plaintiff to believe and understand that they
were satisfied with the information they had, and the
loss would be settled without proofs, and the require-
ments of the policy with regard to proofs was dispensed
with." This instruction, it will be perceived, predicates
the waiver of proofs of loss upon two alternative
hypotheses : (1) That of an absolute denial of liability
to pay the loss. (2) That of a distinct recognition of
the defendant's liability, and a giving of the plaintiff to
understand that the loss would be adjusted without
proofs; thereby excluding the hypothesis that there
may be a waiver of proofs of loss without either an

absolute refusal to pay the loss, or a distinct recognition of liability to pay it. It is quite obvious that there may be a shuffling, tricky or evasive course of conduct on the part of the insurer, which will neither amount to an absolute denial, nor to a distinct recognition of its liability, and yet which will be such as to lead a reasonably prudent man to believe that proofs of loss are not to be required; and such a hypothesis was fairly presented by the evidence of Mr. Whitecotton in this case. We are, therefore, not able to say that the court erred in refusing this instruction.

IV.  But we cannot say the same of the following instruction which the court refused: "The court instructs the jury that the fact that the defendant's adjuster visited the place and offered to settle the loss with plaintiff upon a certain basis, which was rejected, does not amount to a waiver of the conditions of the policy requiring proofs of loss." That this instruction embraces a correct proposition of law is shown by the decision of the supreme court in the case of *Cook v. Ins. Co.,* 70 Mo. 610. As the court, in the modification which it annexed to the defendant's instruction number one, had told the jury that they might determine whether there had been a waiver of proofs of loss, "by all the facts and circumstances of the case," the defendant had a right to have the jury admonished that this fact and circumstance could not be regarded by them as a waiver of proofs of loss.

V.  The first instruction given by the court of its own motion contained two alternative predicates: (1) That the plaintiff had made and delivered to the defendant, by its agent, proofs of loss, within thirty days after the loss; or (2) that such proofs of loss had been waived. There was no evidence in the case on which the predicate that the plaintiff had made and delivered to the defendant proofs of loss could have been based. It is error to give an instruction which states a hypothesis of fact in support of which there is no evidence;

and in this case, where the question was a very close one, calling for an accurate trial, it cannot be said that the error was not prejudicial.

VI.   In one of the instructions given by the court on the measure of damages, the jury was instructed, "that if they find for the plaintiff, their finding upon each article *insured* must be its actual cash market value, at the time of the loss, not to exceed the amount for which it was insured, with six per cent. interest." This instruction is inadvertently drawn, in so far as it directs the attention of the jury to the value of each article *insured*, instead of directing their attention to the value of each article *insured and lost.* This inadvertence probably did not mislead the jury, but we refer to it to the end that it may not, upon another trial, recur.

The judgment must be reversed, and the cause remanded.   It is so ordered.   All the judges concur.