GERMAN INS. CO. V. HEIDUK & SKIBOWSKI.

[FILED SEPTEMBER 17, 1890.]

1. **Insurance**: ADDITIONAL POLICIES: CONDITIONS FORBIDDING: AGENT NOT AUTHORIZED TO WAIVE. The policy in suit provides that the insured must obtain the written consent of the company for all additional insurance on the property insured, or he shall not recover in case of loss; and further provides that "the use of general terms, or anything less than a distinct specific agreement, clearly expressed and indorsed on the policy, and signed by a duly authorized agent of the company, should not be construed as a waiver of any printed condition of the policy, and no notice to, and no consent or agreement by any local agent should affect any condition of the policy, until such consent or agreement is indorsed thereon." The insured subsequently procured further insurance, of which the local agent was notified, and orally consented thereto, but such agreement was not indorsed on the policy. The property was destroyed by fire. *Held*, That the notice to, and the oral consent of, the local agent did not bind the company, and that the additional insurance obtained without the written consent stipulated in the policy rendered the policy void.

2. ———: ———: LOSS: MEASURE OF DAMAGES. In an action on a policy containing a provision that in case of other policies the insured shall recover no greater proportion of the loss than the sum insured by the policy bears to whole amount of the policies, it was admitted that there was other insurance on the property amounting to $900, and there was before the jury testimony tending to show that the entire loss was less than the whole amount of insurance. *Held*, That it was error to instruct the jury that the measure of damages was the market value of the goods destroyed.

ERROR to the district court for Cuming county. Tried below before NORRIS, J.

*Dickey & Heiskell, Uriah Bruner,* and *J. C. Crawford,* for plaintiff in error:

The insured were bound to know that additional insurance in violation of the terms of the contract would

prevent a recovery. (*Havens v. Ins. Co.*, 111 Ind., 90; *Cleaver v. Ins. Co.*, 32 N. W. Rep. [Mich.], 660; *Cook v. Anamosa*, 66 Ia., 427; *Russell v. Ins. Co.*, 42 N. W. Rep. [Ia.], 654; *Clarke v. R. Co.*, 5 Neb., 314.) Any violation of lawful conditions imposed by the insurer, releases him from liability. (*Wood v. Ins. Co.*, 13 Conn., 533; *Worcester v. Ins. Co.*, 11 Cush. [Mass.], 265.) The powers of an agent may be limited, and those who deal with him, knowing of such limitations, must observe them. (*Thomas v. Osborn*, 19 How. [U. S.], 22; *Payne v. Potter*, 9 Ia., 549; *Baxter v. Lamont*, 60 Ill., 237; *Morris v. Watson*, 15 Minn., 212\*; *N. E. Mtge. Co. v. Hendrickson*, 13 Neb., 165; *Hankins v. Ins. Co.*, 70 Wis., 1; *Engebretson v. Ins. Co.*, 58 Id., 301; *Knudson v. Ins. Co.*, 43 N. W. Rep. [Wis.], 954; *Hartford Ins. Co. v. Wilcox*, 57 Ill., 182; *Martin v. Farnsworth*, 49 N. Y., 555; *Wilson v. Wilson*, 26 Pa. St., 393.) Agent and insured are bound by the terms of the policy and the former can waive them only in the mode provided. (*Enos v. Ins. Co.*, 67 Cal., 621; *Ins. Co. v. Wilkinson*, 13 Wall. [U. S.], 222; *Baer v. Ins. Co.*, 4 Bush. [Ky.], 242; *Stevenson v. Ins. Co.*, 14 Ins. Law Journal, 65; *Phœnix Ins. Co. v. Stevenson*, 78 Ky., 150; *Shuggart v. Ins. Co.*, 55 Cal , 408; *Silverberg v. Ins. Co.*, 67 Cal., 36; Story, Agency [7th Ed.], sec. 76.) Notice to an agent without authority to waive conditions, is not notice to the company. (*Russell v. Ins. Co.*, 42 N. W. Rep. [Ia.], 665.) A modification of a policy, to be binding, must be supported by a new consideration. (*Bishop v. Busse*, 69 Ill., 403; *Hewitt v. Brown*, 21 Minn., 163; *McGrann v. R. Co.*, 29 Pa. St., 82; *Titus v. R. Co.*, 8 Vroom [N. J.], 98; *Low v. Forbes*, 18 Ill., 568; *Haynes v. Fuller*, 40 Me., 162.) Additional insurance increases the risk (*Hutchinson v. Ins. Co.*, 21 Mo., 97; *Obermeyer v. Ins. Co.*, 43 Id., 573); even if no loss results (*Gardiner v. Ins. Co.*, 38 Me., 439; *Merriam v. Ins. Co.*, 21 Pick. [Mass.], 162; *Lyman v. Ins. Co.*, 14 Allen [Mass.], 329; *Mead v. Ins. Co.*, 7 N. Y.,

530; *Glen v. Lerrs*, 8 W. H. & G. [Eng.], 607). In *Westchester Ins. Co. v. Earle*, cited by defendant in error, the policy made no such limitation upon the agent's authority as in this case.

*T. M. Franse*, *E. K. Valentine*, and *M. McLaughlin*, contra:

The agent had authority to waive orally the conditions as to further insurance. (*Westchester Ins. Co. v. Earle*, 33 Mich., 143; *Kitchen v. Ins. Co.*, 23 N. W. Rep. [Mich.], 616; *Silverberg v. Ins. Co.*, 67 Cal., 36; *Schoener v. Ins. Co.*, 7 N. W. Rep., 544; *American Cent. Ins. Co. v. McLanathan*, 11 Kan., 533; *Carroll v. Ins. Co.*, 40 Barb. [N. Y.], 292.) Notice to the agent was notice to the company. (*Brandup v. Ins. Co.*, 7 N. W. Rep. [Minn.], 735, and citations; *Westchester Ins. Co. v. Earle*, supra; *Havens v. Ins. Co.*, 111 Ind., 90, and citations; *Indiana Ins. Co. v. Capehart*, 108 Id., 270; *Bartlett v. Ins. Co.*, 41 N. W. Rep. [Ia.], 601.) An insurance agent, as distinguished from an insurance broker, is the general agent of the company, and may waive conditions, notwithstanding a provision in the policy to the contrary. (Mechem, Agency, sec. 931, and numerous authorities there cited.) If the company or its agent had actual knowledge of additional insurance and made no objection, it cannot afterwards be insisted that such notice and assent thereto should have been in writing. (*Thompson v. Ins. Co.*, 52 Mo., 469; *Hayward v. Ins. Co.*, Id., 181; *Viele v. Ins. Co.*, 26 Ia., 9; *Van Bories v. Ins. Co.*, 8 Bush. [Ky.], 133; *Peck v. Ins. Co.*, 22 Conn., 584; *Halton v. Ins. Co.*, 16 Up. Can., 316; *National Ins. Co. v. Crane*, 16 Md., 260; *Warner v. Ins. Co.*, 14 Wis., 345; *Miner v. Ins. Co.*, 27 Id., 693; *Killips v. Ins. Co.*, 28 Id., 472; *Boehen v. Ins. Co.*, 35 N. Y., 131, and citations; *Cobb v. Ins. Co.*, 11 Kan., 93; *Carrugi v. Ins. Co.*, 40 Ga., 135.)

NORVAL J.

This is an action upon a policy of insurance issued by the defendant June 1, 1887, for one year. The insurance was for $1,500 upon the plaintiffs' stock of clothing and gents' furnishing goods, situated at West Point, Nebraska. On the 26th day of November, 1887, while said policy was in full force, the property was totally destroyed by fire. The petition is in the usual form. The policy sued on is attached to the petition and contains this written clause: "$400, other insurance concurrent herewith only permitted." The defendant by its answer admits the execution and delivery of the policy, and denies all other allegations of the petition. The defendant, as a second defense, alleges "that said policy of insurance, described in the petition, is in the regular form of policies issued by this defendant, and that the plaintiffs accepted and received said policy with a full knowledge of the contents thereof.

"Defendant further avers that said policy contains a certain provision in the following words and figures, to-wit: '$400, other insurance concurrent herewith only permitted;' and defendant further avers that on or about the 1st day of June, A. D. 1887, these plaintiffs placed the full amount of said concurrent insurance allowed by the terms of the policy issued by this defendant, with the Germania Insurance Company, which company issued to these plaintiffs their certain policy of insurance for the sum of $400 on said stock, and $100 on fixtures in said store, which said policy was in full force and effect from the date thereof to the time and date of said loss by said fire.

"Defendant further avers that said policy of insurance issued by this defendant contains a certain clause in the following words, to-wit : ' The insured, under this policy, must obtain consent of this company for all additional insurance or policies, valid or invalid, made or taken before or after the issue of this policy, on the property

hereby insured, and for all changes that may be made in such additional insurance, and have such consent indorsed on this policy, otherwise the insured shall not recover in case of loss.

"Defendant further avers that said plaintiffs, with full knowledge of the said printed terms, and also of the specific written terms of said policy, purposely and knowingly, and without the knowledge or consent of this defendant company, and in violation of said express terms and provisions, did, on the 25th day of October, A. D. 1887, make application to the Orient Insurance Company, of Hartford, Conn., for a policy of insurance for the sum of $500 on the stock of goods insured by the policy issued by this defendant, and described in the petition, and that on said 25th day of October, A. D. 1887, said Orient Insurance Company issued and delivered to said plaintiffs their certain policy, No. 302,988, for the sum of $500, insuring their stock of goods mentioned in defendant's policy, and described in the petition, against loss or damage by fire, for one year from the date thereof. Said policy so issued by the Orient Insurance Company was in full force and effect at the time said fire occurred, to-wit, on the 26th day of November, A. D. 1887.

"Defendant further avers that the said plaintiffs, by virtue of the foregoing allegations and averments, released this defendant from all obligations and liability under the terms of said policy, No. 528, and the same was void from and after October 25, A. D. 1887."

The plaintiffs filed the following reply:

"1. The plaintiffs, for reply to defendant's answer in the above action, deny each and every allegation of new matter contained therein.

"2. The plaintiffs allege that the defendant had notice of the additional insurance complained of in its said answer, immediately prior to the issuing of said additional policy of insurance, and the defendant, with full knowledge

of all the facts, gave to the plaintiffs its unqualified consent.

" 3. That immediately after said policy was issued and delivered to the plaintiffs, they applied to defendant's agent, who issued, signed, and delivered the policy upon which this suit was brought, and requested him to indorse the amount of said additional insurance upon said policy, and said agent then and there assured the plaintiffs that such indorsement was not necessary, and that the policy was all right, and as binding upon the defendant company as though the additional insurance were indorsed thereon.

" 4. The defendant is estopped to dispute its liability upon said policy of insurance, or to claim a forfeiture of said policy because of the facts set out in paragraphs 2 and 3 of this reply."

To the new matter stated in the reply the defendant interposed a general demurrer, which was overruled by the court.  Upon a jury trial the plaintiffs recovered a judgment for $1,596.25.

The record discloses that the policy in suit was issued by one D. J. Drebert, the local agent of the defendant at West Point, and that at the same time the plaintiffs took out a policy in the Germania Insurance Company for $400 on the same property, and that subsequently, on the 25th day of October, 1887, the Orient Insurance Company, of Hartford, Conn., at the plaintiffs' request, issued its policy for the sum of $500 on the stock of goods insured by the policy in suit.   The plaintiffs, over the defendant's objections, introduced testimony tending to prove that prior to the issuing of the policy by the Orient company, Drebert, the local agent of the defendant, verbally consented to such additional insurance, and that after said last policy was written, the plaintiffs exhibited the policy issued by the defendant, to Drebert, and requested him to indorse the amount of the additional insurance thereon, and that Drebert replied that "that makes no difference; the policy is good, it need not be changed."

The testimony introduced by the defendant tends to establish that neither the defendant nor Drebert had any knowledge that such additional insurance had been written until after the fire, and did not verbally or otherwise consent to such insurance.

On the question of waiver by the defendant of the conditions of the policy relating to additional insurance, the court on its own motion gave the following instructions:

"7. In the policy sued on is a provision permitting $400 other concurrent insurance, and the condition that the insurer must obtain the consent of the company for all additional insurance taken before or after the issue of said policy, on the property thereby insured, and have such consent indorsed on the policy, otherwise the insured shall not recover in case of loss. The court instructs you that if you find from the evidence that the plaintiffs, after receiving the policy from the defendant, and before the loss in question occurred, obtained other insurance in addition to the $400 concurrent insurance permitted by said policy upon the property, which had not expired at the time of the fire, and that no notice thereof was given defendant, its agents or officers, before the fire, or to which the company did not consent, then plaintiffs' policy would be void, and he cannot recover in this suit, and your verdict must be for the defendant.

"8. If you believe from the evidence that Daniel Drebert was the agent of the defendant at West Point, for taking applications for insurance and for writing, issuing, and delivering policies for the defendant company, and that he was notified by the plaintiffs of the additional insurance placed on plaintiffs' property, and that he did not object to the same, or suggest any breach of the condition of the original policy in consequence thereof, then the defendant is estopped from now setting up such additional insurance in avoidance of its policy.

"9. If you believe from the evidence that prior to the

time of taking of the additional insurance the plaintiff no-
tified the said Daniel Drebert of his intention to take addi-
tional insurance, and the said Daniel Drebert made no
objections thereto, but on the contrary told him it was all
right, and gave his consent thereto; and if you find from
the testimony that immediately after the plaintiff had pro-
cured the additional insurance, he went to the said Daniel
Drebert and informed him that he had taken such addi-
tional insurance and requested the said Daniel Drebert to
indorse the amount of the same on the defendant's policy,
and that the said Daniel Drebert thereupon told the plaint-
iffs that it was unnecessary to indorse the amount of said
additional insurance on said policy, that it was all right
without said indorsement, or words to that effect, and that
neither the said agent nor any one else on behalf of the de-
fendant objected to said additional insurance, or notified
the plaintiffs that such additional insurance, without the
consent of the company being indorsed on the policy,
would render or had rendered the policy void, then the de-
fendant must be deemed to have waived the condition in
the policy regarding such additional insurance."

To the giving of each of these instructions the defend-
ant took an exception.   The main points in this case are
those raised by the demurrer to the reply, the admission
of testimony to establish a waiver of the terms of the pol-
icy by the defendant, and the instructions given by the
trial court on that branch of the case.   The questions thus
presented are : Did Drebert, the local agent of the defend-
ant, have any authority to verbally waive the provisions
of the policy relating to additional insurance, and did the
notice to such agent estop the defendant after the loss
from setting up as a defense the taking of additional insur-
ance?

This court has frequently decided that the conditions
inserted for the benefit of the company in a policy of in-
surance may be waived by it. (*Ins. Co. v. Lansing,* 15

Neb., 494; *Schoneman v. Ins. Co.*, 16 Id., 404; *Nebraska & Iowa Ins. Co. v. Christiensen*, 29 Neb., 572.) We adhere to these decisions. In each of those cases, however, the waiver of the terms of the policy was made by an agent who had authority to so bind the company. In this case it is contended that the policy in express terms limits and restricts the authority of the local agent in waiving the conditions of the policy. In addition to the provisions of the policy set out in the defendant's answer, it contains this clause: "The use of general terms or anything less than a distinct specific agreement, clearly expressed and indorsed on this policy and signed by a duly authorized agent of this company, shall not be construed as a waiver of any printed condition or restriction herein, and no notice to, and no consent or agreement by, any local agent shall affect any condition of this policy until such consent or agreement is indorsed hereon in writing."

It is insisted by the plaintiffs that, notwithstanding the express terms of the policy, Drebert had power to consent by parol to the subsequent insurance. Such authority is not to be found in the printed conditions of the policy. On the contrary, the parties expressly stipulate that "no notice to, and consent or agreement by, any *local agent* shall affect any condition of the policy until such consent or agreement is indorsed hereon in writing." This language is clearly a direct limitation upon the power of the local agent to bind the company after the delivering of the policy. He was only authorized to waive, change, or modify the policy in a specified manner. The parties agreed that no notice to the local agent should affect the conditions of the policy. The notice given to the agent of the procuring of other insurance did not therefore bind the company. To hold that it did would be to ignore the plain contract of the parties. Had the local agent conveyed the information to the managing officer of the company, doubtless the defendant would have been bound, for unquestion-

· ably an officer or agent of the defendant whose powers are not limited can waive the terms of the policy without indorsing the same thereon in writing.   It cannot be questioned, however, that an insurance company, as well as an individual, may limit or restrict the powers of its agent, and when such restrictions are known to the person dealing with the agent, the company is only bound by the acts of the agent performed within the scope of the authority conferred. (*Havens v. Home Ins. Co.*, 111 Ind., 90; *Cleaver v. Traders Ins. Co.*, 32 N. W. Rep. [Mich.], 660; *Russell v. Cedar Rapids Ins. Co.*, 42 Id. [Ia.], 654; *Hartford Ins. Co. v. Wilcox*, 57 Ill., 182; *Hankins v. Ins. Co.*, 70 Wis., 1; *Knudson v. Hekla Ins. Co.*, 43 N. W. Rep., 954; *Cleaver v. Traders Ins. Co.*, 39 Id., 571; *Merserau v. Phœnix Mut. Life Ins. Co.*, 66 N. Y., 274; *Gladding et al. v. Ins. Co.*, 4 Pac. Rep., 764; *Enos v. Sun Ins. Co.*, 8 Id., 379.)

In *Cleaver v. Traders Ins. Co.*, 32 N. W. Rep., 660, the policy provided that "if the insured should procure any other or further insurance upon the property insured without the consent of the company written upon the policy, the policy shall become void." The policy also contained this provision: "It is further understood, and made a part of the contract, that the agent of this company has no authority to waive, modify, or strike from the policy any of its printed conditions; * * * nor, in case this policy shall become void by reason of the violation of any of its conditions, * * * has the agent power to revive the same." After the delivery of the policy, on representation of the agent issuing the same that it would be all right, additional insurance was placed on the property. The consent of the company to the taking of the additional insurance was not indorsed on the policy. The supreme court of Michigan held that the defendant was not estopped to deny its liability. It is stated in the opinion of Mr. Justice Morse that "When the policy of insurance, as in this case, contains an express limitation upon the power of the

agent, such agent has no legal right to contract as agent of the company with the insured, so as to change the conditions of the policy, or dispense with the performance of any essential requisite contained therein, either by parol or writing, and the holder of the policy is estopped, by accepting the policy, from setting up or relying upon powers of the agent in opposition to limitations and restrictions in the policy."

In *Knudson v. Hekla Fire Ins. Co.*, 43 N. W. Rep., 954, the policy contained the usual stipulation found in insurance policies, requiring the assured, in case of loss, to render to the company proofs of loss within thirty days. No proofs of loss were ever furnished the company, the insured claiming that the same were waived by parol. The policy also provided that "Agents have no authority to make any verbal agreement whatever for or on behalf of this company, and this company will not be liable for any such agreement except such as shall be indorsed, signed, and dated in writing on this policy." The court held that the verbal waiver of a condition in the policy, by the local agent, who issued the same, is void.

A policy of insurance contained a provision that the property insured should not be incumbered without the written consent of the secretary of the insurance company. Afterwards the insured mortgaged the property, the local agent agreeing to waive the conditions of the policy prohibiting such mortgage. Suit was brought upon the policy, and the supreme court of Wisconsin held that the attempted waiver by the local agent did not bind the company. (*Hankins v. Rockford Ins. Co., supra.*)

We have carefully examined the cases cited by the defendants in error, and find that while many of them are based upon policies containing some of the provisions found in the policy in this case, yet the policies in none of the cases cited in brief of counsel contain an express stipulation limiting the legal effect of a notice given by the

insured to the local agent. One of the strongest cases cited by plaintiffs is *Gans v. St. Paul. F. & M. Ins. Co.*, 43 Wis., 108. That policy contained a stipulation that it should be void if the building should become unoccupied without the consent of the company indorsed on the policy. The agent who issued the policy was informed before the fire that the building was unoccupied, and knew that it remained so until it burned. The company refused to pay the loss, because no consent was indorsed on the policy. The policy also contained these conditions :

" The use of general terms, or anything less than a distinct specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein.

" It is further understood, and made a part of this contract, that the agent of this company has no authority to waive, modify, or strike from this policy any of its printed conditions, nor is his assent to an increase of risk binding upon the company until the same is indorsed in writing on the policy, and the increase premium paid."

The court held that notice to the agent was notice to the company. The court in the opinion says :

" We find no stipulation in the contract limiting or attempting to limit the legal effect of notice to the agent. The limitations therein contained go only to the acts of the agent. He may not vary, modify, or strike out the printed conditions of the policy, nor assent to an increase of the risk, unless the same is indorsed on the policy and the increased premium paid. * * * But there is no stipulation that notice to the agent of a fact relating to the policy shall not operate as notice to the company. What would be the legal effect of such a stipulation we are not called upon to determine, and do not determine."

The difference between the provisions of the policy in the Wisconsin case and those in the case before us is apparent. In our case it is expressly provided that no notice

to, and no consent or agreement of any local agent should affect any condition in the policy until such consent or agreement is indorsed thereon. This language limits the effect of a notice given to the local agent, and of his authority to waive any of the terms of the policy.

In this case it is not shown that the company had any notice that the local agent had been notified of the additional insurance. The testimony offered by plaintiffs to prove that Drebert, the local agent, consented by parol to the additional insurance before it was written, and was notified afterwards that it had been written, was insufficient to bind the defendant without showing that such facts were brought to the knowledge of the company. It follows, from the views already expressed, that instructions 7, 8, and 9, given by the court on its own motion, should not have been given.

It is believed that the second paragraph of the reply, though not a model pleading, alleges sufficient facts to avoid the defense stated in the answer. The substance of that part of the reply is, that prior to the taking out of the additional insurance the defendant had notice thereof and consented thereto, with a full knowledge of all the facts. The language used does not suggest that the local agent gave such consent. The fair construction of the allegation is, that the proper officer or agent of the defendant was notified. The evidence, however, fails to sustain the allegation. The other averments of the reply, as to what was · said by Drebert after the additional insurance was written, do not state sufficient facts to constitute a waiver of the conditions of the policy.

It is urged that the reply states facts inconsistent with the averments of the petition. The answer pleaded a breach on the part of the plaintiffs of certain stipulations · contained in the policy. The reply alleged matters showing a waiver of these conditions by the company. The plaintiffs' pleadings are consistent.

The plaintiffs, upon the trial, introduced testimony to show that the value of the property insured at the time of the fire was at least $3,000.    To show that the value at the time was not so large the defendant put in evidence the proofs of loss made by the plaintiffs to the Orient Insurance Company, in which they placed the total value of the property insured at the time of the fire at $1,564.78.

The court in the 13th paragraph of the charge instructed the jury that "the measure of damages is the fair market value of the goods destroyed at the time and place of the fire."    This is the correct rule where the loss equals or exceeds the total amount of insurance upon the property destroyed.    The insurance on the property in all three of the companies amounted to $2,400.    The policy in suit provides that "in case of any other policies, whether made prior or subsequent to the date of this policy, the insured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby bears to the whole amount of the policies thereon."    Under the evidence, the jury could have found that the total value of the property destroyed was only $1,564.78, which was much less than the entire insurance.    The jury should therefore have been instructed that if they found that the loss was less than the whole insurance, the plaintiffs were not entitled to recover a greater part of the loss than the sum covered by the policy in suit bears to the total amount of insurance.

A point was made on the trial in the lower court that the plaintiffs were not the owners of the policy at the commencement of the suit.    On the question of the assignment of the policy the evidence was conflicting.    The instructions given at the defendant's request fairly submitted this branch of the case to the jury.

The other errors complained of are either disposed of by the views herein stated, or are such as will not be likely to arise on a new trial of the case, and therefore will not be noticed in this opinion.

The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.