### SPRINGFIELD FIRE & MARINE INS. CO. v. DONAHOE et al.

No. 10631—Opinion Filed Sept. 19. 1922.

(Syllabus.)

#### 1. Insurance — Fire Policy—Notice and Proof of Loss—Necessity.

Where a fire insurance policy contains the provision that in case of loss by fire, the insured shall give notice of such loss and shall within 60 days make verified proof of loss in writing, and where the policy makes a compliance with such provision a condition precedent to an action. held, the right of action does not mature until such provision has been. complied with or waived.

#### 2. Same—Waiver of Proof of Loss.

A provision in an insurance policy requiring proof of loss to be furnished the company within a certain definite time is waived by the company denying liability within said time upon other grounds than failure to furnish proof of loss.

#### 3. Same.

Where a fire insurance company issues its policy of insurance and by mutual mistake of the parties, the name of one of the owners of the property is left out of the policy, and a loss occurs, and within 30 days after the loss the adjuster investigated the cause of the fire. and the amount of the loss, and there was no controversy over the cause of the fire or property loss or the value of the same, and the adjuster offered to pay one-half of the loss, but denied liability as to the other half. for the reason the name of the owner of one-half interest in the property did not appear in the insurance contract, held, that in an

action to reform the instrument and for damages for loss, the act of the adjuster in offering to pay one-half of the loss, but denying liability as to the other half for the reason the name of the owner of said one-half of said property did not appear in the policy, amounted to a denial of liability upon other grounds than failure to furnish proof of loss, and having denied liability upon other grounds within 60 days. the provision of the policy requiring proof of loss to be made within 60 days was waived.

#### 4. Same—Action on Policy—Sufficiency of Evidence.

Record examined. and held, the evidence was sufficient to support the verdict of the jury.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by E. L. Donahoe and others against the Springfield Fire & Marine Insurance Company on fire insurance policy. Judgment for plaintiffs, and defendant brings error. Affirmed.

Albert L. McRill and John W. Scothorn, for plaintiff in error.

James Q. Louthan, for defendants in error.

McNEILL. J. On August 23, 1915, the Springfield Fire & Marine Insurance Company issued its contract of insurance in the sum of $1,500 against loss or damage to certain wheat. The policy was issued in the name of George B. Murray. On October 24, 1915. wheat of the value of $835.50 was destroyed by fire. About thirty days thereafter, the general adjuster for the insurance company went to the place of the fire and made an examination and inquiry regarding the loss and offered Murray $417, provided Murray would receipt for the same as payment in full of the contract and surrender the policy. This offer was made upon the theory that Murray owned only one-half of the wheat; the other half was owned by Donahoe Brothers. Thereafter suit was instituted by Murray and the Donahoes, as plaintiffs, against the insurance, company, asking to reform and modify the policy, it being pleaded that the names of the Donahoes were omitted by inadvertence and mutual mistake of the parties and the agent of the company who wrote the policy, and asking to reform the contract, and then praying for judgment for the value of the wheat destroyed.

The defendant answered, first. by general denial, and contended that equity had no power to reform a written instrument by substituting any parties or adding new subject-matter. The evidence disclosed that

the agent of the company who wrote the policy knew the Donahoes owned one-half interest in the wheat and was so advised by Murray, and that it was the intention of both Murray and of Sharp, the agent of the company who wrote the policy, to insure the interest of both the Donahoes and Murray in the wheat. The case was tried, and a verdict returned in favor of the plaintiffs and against the defendant for the full amount.

For reversal, the plaintiff in error presents but one question, and that is, that the defendants in error never furnished proof of loss as required by the policy, and for that reason the defendants in error cannot recover, and it was error for the court to overrule the demurrer of plaintiff in error to the evidence, and there is insufficient evidence to support the verdict of the jury. It is settled by the decisions of this court that plaintiff cannot recover on an insurance policy until after proof of loss has been furnished or the same has been waived. Hartford Fire Ins. Co. v. Sullivan, 74 Oklahoma, 179 Pac. 24; St. Paul F. & M. Ins. Co. v. Mittendorf, 24 Okla. 651, 104 Pac. 354, 28 L. R. A. (N. S.) 651; Gray v. Reliable Ins. Co., 26 Okla. 592, 110 Pac. 728; Nance v. Okla. Fire Ins. Co., 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426.

No proof of loss was furnished, and that leaves for consideration whether the evidence is sufficient to support the finding that the company waived the proof of loss. There is no material difference in the evidence relied upon by both parties. The court by its judgment ordered the policy reformed to include the names of the Donahoes as part owners of the wheat, and there is no complaint made of this part of the judgment, or that the evidence was not sufficient to support the judgment of the court in this respect. The facts are about as follows: The adjuster within about 30 days after the loss came and looked over the remains of the fire where the wheat had been destroyed, and offered Murray $417, and stated that Murray was the only party that he knew in the contract, and, although he knew the Donahoes better than he knew Mr. Murray, yet he did not know them in the contract, and he would pay Murray $417, the amount of his loss, if Murray would assign the entire papers over to him and give up the policy and receipt him. This was upon the theory that the Donahoes' names did not appear in the policy and the company was not liable for the wheat belonging to them that was destroyed.

Thereafter the adjuster wrote to the Donahoes, although it was more than 60 days after the fire, and advised the Donahoes that the insurance policy only covered one-half interest in the crop, or that part belonging to Murray, and did not cover the interest of any other person. Another letter from the general agent appears in the record which advised that the policy did not cover the interest of the Donahoes, but only the interest of Murray.

There was no contention over the amount of wheat destroyed or the value of the same. We think from the consideration of the evidence cited in the brief, there can be but one logical conclusion reached, and that is that the adjuster on behalf of the company was denying liability for one-half of the amount of the wheat destroyed because one-half of the wheat belonged to the Donahoes and their names did not appear in the insurance policy.

This court in the cases of Oklahoma Fire Insurance Co. v. Wagester, 38 Okla. 291, 132 Pac. 1071, American National Insurance Co. v. Donahue, 54 Okla. 294, 153 Pac. 918, and Federal Life Ins. Co. v. Lewis, 76 Okla. 142, 183 Pac. 975, held:

"A provision in an insurance policy requiring proof of loss to be furnished the company within a certain definite time is waived by the company denying liability within said time upon other grounds than failure to furnish proof of loss."

When the company denied liability for one-half of the loss, because the Donahoes' names did not appear in the policy, this was a denial of liability upon that ground and that ground alone. Having denied liability within 60 days of the time of furnishing proof of loss, the company waived the provision of the policy which required proof of loss within 60 days. This conclusion is reached without taking into consideration the letters of the company which were written after the 60 days, although these letters are competent to be considered in determining the construction placed upon the contract, and the liability of the company, expressed through its different agents.

Plaintiff in error cites numerous cases supporting the theory that where the adjuster offered to pay a certain sum, this will not constitute a waiver of the requirement to furnish proof of loss. Cases supporting this theory are Warner v. Insurance Co., 1 Walk. (Pa.) 315; Scottish Union and National Ins. Co. v. Clancy, 71 Tex. 5, 8 S. W. 630; L., L. & G. Ins. Co. v. Sorsby, 60 Miss. 302; Maddox v. German Ins. Co., 39 Mo. App. 198;

Welsh v. Des Moines Ins. Co., 77 Iowa, 376, 42 N. W. 324; Allen v. Milwaukee Mechanics' Ins. Co., 106 Mich. 204, 64 N. W. 15; Knudson v. Hekla F. Ins. Co., 75 Wis. 198, 43 N. W. 954; Maple Leaf Milling Co. v. Colonial Assur. Co., 27 Manitoba, 621; Milwaukee Mechanics' Ins. Co. v. Winfield (Kan. App.) 51 Pac. 568. These cases, however, we think are distinguishable, because in each case there was a dispute over the amount of loss and the offer was made in the nature of a compromise. In the case at bar, there is no dispute over the amount of loss, but the liability was denied because the Donahoes' names did not appear in the contract, and we think the evidence conclusively shows liability was denied upon the theory that the Donahoes' names did not appear in the policy, and therefore no liability existed.

For the reasons stated, the judgment of the court is affirmed.

KANE, JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.