63   399<br/>80   273

ST. PAUL FIRE & M. INS. CO. v. J. D. McGREGOR.

(Case No. 2011.)

1. CORPORATION — PLEADING.— An averment in a petition against an incorporated company, that the company "undertook and promised to pay plaintiff" a sum designated, is sufficient to authorize the introduction of testimony showing such a promise made in any mode which could bind a corporation, which can act only through created agencies.

2. DECLARATIONS — AGENCY.— One assuming to act as agent of a corporation declared himself such agent, which declarations were admitted without objection made on the ground that agency could not thus be proved. *Held*, that the objection to the evidence could not be raised for the first time in the supreme court.

3. LIMITATION.— If the course of conduct pursued by an insurance company after adjusting a loss by fire is such as to induce the insured to believe that the sum admitted to be due on the adjustment will be paid without suit, and for that reason suit is not brought in the time limited for its institution by the terms of the policy, an action may be maintained even on the policy after the expiration of the time prescribed. (Citing Insurance Co. v. Lacroix, 45 Tex., 164; Smith v. Ins. Co., 62 N. Y., 86; Ames v. Ins. Co., 14 N. Y., 264; F. & M. Ins. Co. v. Chesnut, 50 Ill., 111, and other cases.)

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

*C. L. Cleveland*, for appellant, that the court erred in overruling exceptions to the petition, cited: Insurance Co. v. Lacroix, 45 Tex., 158; Riddlesbarger v. Hartford Ins. Co., 7 Wall., 386; Williams v. Vermont Mutual Fire Ins. Co., 20 Vt., 222; Hicks v. Gleason, id., 139; Bank of Mo. v. Bredow, 31 Mo., 523; Drake on Attachments, § 453; Wilson v. Ætna Ins. Co., 27 Vt., 99.

That the action was barred by the limitation agreed on in the policy, he cited: Drake on Attachments, § 453; Insurance Co. v. Lacroix, 45 Tex., 158; Williams v. Vt. Mut. Ins. Co., 20 Vt., 222; Hicks v. Gleason, id., 139; Riddlesbarger v. Hartford Ins. Co., 7 Wall., 386; Brown v. Rogers, 7 R. I., 301.

*Finlay & Rose*, for appellee, cited: Smith v. Glen Falls Ins. Co., 62 N. Y., 85; Ames v. N. Y. Union Ins. Co., 14 N. Y., 253; F. & M. Ins. Co. v. Chesnut, 50 Ill., 112; Peoria Ins. Co. v. Whitehall, 25 Ill., 475; Godchaux v. Mer. Mar. Ins. Co., 12 Ins. Law Journal, 698; May on Insurance, secs. 491, 505, 507; Phillips on Insurance, secs. 1815, 1983, 2040, 2151; Stache v. St. Paul F. & M. Ins. Co., 49 Wis., 89; 35 Am. Rep., 772, and authorities.

STAYTON, ASSOCIATE JUSTICE.— That the appellee was the owner of the policies sued upon is not questioned, and the main ground relied upon to defeat a recovery is that this action was not brought within twelve months after the loss occurred.

The policies contained the following language:

"It is furthermore hereby provided, and mutually agreed, that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until after an award shall have been obtained, fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next ensuing after the loss shall occur; and should any suit or action be

commenced against this company, after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

This action was instituted May 29, 1884, and the loss occurred on March 17, 1883.

On the trial, there being in the pleadings a proper basis therefor, the following evidence was admitted:

J. D. McGregor testified:

" I am the plaintiff in this case; I purchased the policies from F. W. Katchele on the 19th of March, 1883, for which I paid him $1,505 in cash. The assignments on the policies were executed on the 19th of March, 1883, and the policies delivered to me on the same day, and I have had them ever since that time in my possession. The fire occurred, which occasioned the loss, on the 17th of March, 1883, at Kinney, Texas. I immediately notified Mr. Cotton that I had purchased the policies. Mr. James Cotton, a few days after this (within a couple of weeks), of the firm of Cotton & Bro., of Houston, who were state agents for the defendants, came to Kinney to look after the loss, and, after examining the books and papers and invoices with F. W. Katchele, adjusted the loss on policy No. 3 at $1,200, and on policy No. 6 at $185; and Mr. Cotton proposed to pay those amounts to me in settlement of the policies, and I accepted his proposition. Mr. Cotton also said that it was usual, where a loss was paid before sixty days, that two per cent. should be allowed the company, and offered to pay me cash if I would allow him that discount, and I said that I would accept that proposition also. A few days after a garnishment was served on the insurance company, and the money has not been paid."

Cross-examined by the defendant, the witness said:

" Cotton said he was state agent for the company, but I do not know that he had authority to promise to pay or to pay claims for loss. The adjustment and promise spoken of above occurred within two weeks after the fire which occasioned the loss."

George P. Finlay testified:

That he knew James Cotton; that he had told witness that his firm of Cotton & Bro., of which James is a member, were state agents for the defendant in this state. He did not know the extent of the authority conferred on Cotton & Bro., or that they had authority to pay or promise to pay losses incurred on policies.

Mr. Hughes testified:

That he was an insurance agent, residing in Galveston county,

Texas, and representing several companies as local agent; that he had been in the business about ten years; that Cotton & Bro. were, as he had learned from them, the general agents of the defendant company for the state of Texas; that they had been such for several years; that J. M. Cotton did the adjusting of losses for said company; that general agents for the state had all the powers of the company for the purposes of adjusting and paying losses; that it was the custom of such agents to adjust and pay losses. Local agents have not customarily such authority, and I have not such. I do not know what authority or power was conferred on Cotton & Bro. by the defendant. I do not know of any instance in which they, or any member of the firm, paid, or promised to pay, a loss, or assumed to have such authority for the defendant company.

The writs of garnishment, referred to in the testimony of the plaintiff, were sued out by three creditors of Katchele, and were served on the appellant, and to each of them it answered, alleging " that the policies were issued and the property destroyed by fire as alleged in plaintiff's petition, and the loss under said policies had been adjusted at $1,200 on the stock aforesaid, and $185 on said building." " That prior to the service of this writ of garnishment upon this garnishee, to wit, on the 19th of March, 1883, said policy No. 3 and said policy No. 6 were transferred and assigned by said F. W. Katchele to J. D. McGregor in the presence of one S. M. Brewer, notice of which assignment has been given to this garnishee, and now this garnishee submits to the court whether or not, in view of said assignment of said policies to said J. B. McGregor, it is in-debted in anything to said F. W. Katchele. . . . Wherefore it prays that said J. B. McGregor, assignee of said policies of insurance, be cited to appear and defend his rights and interests under said assignment, and that this garnishee be relieved from further litigation herein."

Appellee became a party to the suits in which the writs of garnishment were sued out, and it was agreed that the other garnishment proceedings should abide that instituted by T. Ratto & Co., in which, on the 19th of November, 1883, a judgment was rendered declaring the policies to be the property of McGregor and discharging the insurance company as garnishee.

From that judgment an appeal was perfected, and on March 5, 1884, it was affirmed by the court of appeals. On the 24th and 25th of March, 1884, similar judgments were entered in the other cases.

To so much of the testimony of the witnesses McGregor, Finlay and Hughes as related to the promise, made by Cotton, that the

company would pay the loss, and his authority to make the same, the defendant objected on the ground that the evidence was incompetent and inadmissible under the pleadings.

The cause was tried by the judge, who found that the agreement to pay the loss as adjusted, made by Cotton, was binding on the appellant; but held, were that not so, that the other facts proved would operate as a waiver of the bringing of the suit within twelve months after the loss; and rendered judgment for the appellee for the amount found to be due by the adjustment, with interest thereon from April 1, 1884.

There seems to have been no objection to the evidence of the three witnesses named, in so far as that manner of proving that Cotton was the general agent of appellant went, but the objection seems to have been based on the insufficiency of the averments of the petition to authorize proof that an agent of the company had promised that it would pay the sum ascertained to be due by the adjustment.

The petition alleged that the company "adjusted the loss incurred by said fire with plaintiff, and undertook and promised to pay $1,385 to plaintiff, and plaintiff accepted said adjustment and settlement."

This was a sufficient averment that the insurance company, a corporation, had so agreed and promised in any manner in which a corporation can do so. They can only act through agents, and the averment must be construed in view of that fact.

It is true that the declarations of one, to the effect that he is the agent of another, are not ordinarily admissible to prove the fact of agency; but it does not appear that the testimony was objected to on that ground; and it is well settled that the objection made is the one which will be here considered.

If we disregard the declarations of Cotton as to the character of his agency, and look only to the other evidence, including the pleadings of the appellant, filed in the garnishment cases, it is by no means clear that it was not sufficient *prima facie* evidence that Cotton was the general agent, and authorized, not only to make the adjustment of losses, but also to pay or promise that his principal would pay them.

There are authorities to the effect that upon such a promise an action may be maintained, which will not be subject to the limitation as to time within which the suit must be brought under the terms of the policy. Smith *v.* Insurance Co., 62 N. Y., 86; F. & M. Ins. Co. *v.* Chesnut, 50 Ill., 111.

Although the promise, as well as the policies, was relied on in the petition, it will not be necessary in this cause to examine that question.

If the course of conduct pursued by the appellant was such as to induce the appellee to believe that the sum admitted to be due on the adjustment made would be paid without suit, and that for this reason suit was not brought within the time prescribed, then, under well settled principles applicable to such cases, this action may be maintained even on the policies after the expiration of the time therein prescribed. Insurance Co. v. Lacroix, 45 Tex., 164; Smith v. Insurance Co., 62 N. Y., 86; Ames v. Insurance Co., 14 N. Y., 264; F. & M. Ins. Co. v. Chesnut, 50 Ill., 115; Insurance Co. v. Hall, 12 Mich., 202; Grant v. Insurance Co., 5 Ind., 23; Ripley v. Ins. Co., 17 How. Pr., 445; Killips v. F. Ins. Co., 28 Wis., 480; Curtis v. Insurance Co., 1 Biss., 487.

If the agent was not authorized to make a binding promise to pay the sum by him ascertained to be due, it cannot be denied that he was an agent empowered to adjust the loss.

His authority to do that, and the fact that he did it, no other adjustment being shown, must be held to be fully established by the answers of appellant in the garnishment proceedings.

If the appellant had any ground of defense against the appellee's claim, based upon any matter whatsoever, that might then have been set up for its own protection; and fair dealing towards the appellee would have required, under the circumstances, that this should have been done; but it did not assert any invalidity in the claim based on the policies, nor assert any unwillingness to pay the sum, ascertained by the adjustment, to whomsoever under the facts surrounding might be entitled to receive it.

On the contrary, the answers impliedly admitted the validity of the policies — admitted the losses and adjustment, and prayed "that this garnishee be relieved from further litigation herein."

The answer was in effect an interpleader, and sought protection, though decrees determining, as between the plaintiffs in the garnishment proceedings and the appellee, who was entitled, under the facts, to receive the sum due from it.

It would be hard to conceive of a course better calculated to induce the appellee to believe that it was the intention of the appellant, without suit, to pay the claim; and to permit it now to avail itself of the defense set up, would be to encourage wrong.

After the adjustment of the losses, it would have been an idle

formality to have furnished formal proof of loss.   E. T. Fire Ins. Co. v. Dyches, 56 Tex., 571.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered February 24, 1885.]