PHENIX INSURANCE COMPANY OF BROOKLYN V. RAD
BILA HORA LODGE.

FILED JUNE 5, 1894.    No. 5268.

1. **Fire Insurance:** SUFFICIENCY OF NOTICE OF LOSS. Where
a policy of insurance simply requires that notice of loss shall
be given to the company at a specified office in writing, and that
payment shall be made upon receipt of proper proof, and does
not specify otherwise of what such notice and proof shall con-
sist, if notice of the loss be sent in writing to the office specified
and the company makes no objection on account of the form of
the notice and makes no demand for other or further proof, such
notice is a sufficient compliance with the terms of the policy.

2. ———: ———: ORAL NOTICE: AGENCY. This rule held to ap-
ply where oral notice was given to the local agent of the com-
pany and he, at the request of the insured, communicated the
fact of the loss in writing to the specified office of the company,
it being *held* that, without regard to his authority as agent of
the company, the facts proved constituted him the agent of the
insured to give notice of loss.

3. ———: AUTHORITY OF AGENTS: WAIVER. A clause in a policy
prohibiting agents from waiving any of its terms or conditions
does not prevent the insured from showing that the company,
through its proper agents, accepted acts of the insured as a suf-
ficient compliance with the terms of the policy.

4. **Record for Review:** TRANSCRIPT. A transcript of the rec-
ord authenticated by the certificate of the clerk of the district
court is conclusive evidence of the contents of the pleadings
upon which the case was tried.

5. **Fire Insurance:** ACTION ON POLICY: LIMITATION: ESTOPPEL.
Where a policy provides that no action shall be sustained unless
commenced within six months after a loss shall occur, if the in-
sured is reasonably induced by the conduct or statements of the
company's agents to believe that the claim will be paid without
suit and therefore withholds bringing suit until after that period,
the insurer will in such case be estopped from claiming the ben-
efit of such clause in the policy.

6. **Trial:** REVIEW. Certain rulings of the trial court on the ad-
mission of evidence examined, and *held* not to be erroneous.

ERROR from the district court of Knox county. Tried below before POWERS, J.

*Dillon & Preston* and *E. A. Houston*, for plaintiff in error.

*S. Draper* and *Reese & Gilkeson, contra,* contending that the insurance company by its conduct waived its right to insist upon the enforcement of the six months' limitation clause of the policy, cited: *Barnes v. McMurtry*, 29 Neb., 178; *Thompson v. Phenix Ins. Co.*, 10 Sup. Ct. Rep., 1019; *Allemania Ins. Co. v. Peck*, 24 N. E. Rep. [Ill.], 538.

IRVINE, C.

This was an action on a policy of insurance written upon a building owned by the defendant in error and occupied by it as a lodge room. There was a verdict and judgment in the district court against the insurance company, from which it prosecutes error. A number of the rulings of the court in relation to the admission of evidence are complained of.

Mr. Schmidt, being upon the stand, testified that he was the secretary of the plaintiff association; that the lodge had a charter issued by the grand lodge of the state; that it derived its authority from this charter; that the charter was destroyed in the fire. He was then asked to state what this charter was. This question was objected to as incompetent, immaterial, and calling for secondary evidence upon an insufficient foundation. If the evidence was material, it was certainly competent. We cannot imagine a more satisfactory foundation for secondary evidence than proof that the primary evidence had been totally destroyed. We presume the object of this testimony was to show the organization of the plaintiff and establish its capacity to sue. The petition does not allege the nature

of the plaintiff's organization, whether a corporation or a voluntary association; but no objection was taken, either by demurrer or answer, to the plaintiff's capacity to sue, and by sections 94 and 96 of the Code of Civil Procedure any objection upon that ground was therefore waived. Indeed, the insurance company expressly admitted in its answer the issuance of the policy to plaintiff,—that is, a contract with the plaintiff,—and we cannot see how, under the issues, it was material to prove plaintiff's character as an association or corporation. The objection for immateriality should have been sustained, but the error was of such a character that it was clearly not prejudicial.

The answer denied plaintiff's ownership of the land upon which the building stood. In order to prove ownership plaintiff called Mr. Tikalsky, who testified that he had sold the land to the plaintiff; made a deed to the plaintiff of the land in 1886; that this deed was burned with the building. He then testified that after the fire another deed was executed to the plaintiff. This deed was then offered in evidence and its admission is urged as error. The deed itself recites that it was executed to take the place of a former deed which had been destroyed by fire in the society hall. It was not necessary to offer the deed, as, upon the proof made, secondary evidence might have been given, and to a certain extent was given, of the contents of the original deed; but this deed, being in the nature of a further assurance, had effect by relation to the original conveyance, and it was competent and material in support of the issues as to plaintiff's ownership.

It appeared in evidence that there had been some negotiations in regard to the loss between plaintiff's secretary and three individuals, whose authority to act for the insurance company the plaintiff had considerable difficulty in establishing. There is a long list of assignments of error in relation to evidence in regard to the authority of these men and in regard to transactions with them. To discuss

each assignment would unreasonably extend this opinion, and there are no questions of law presented of sufficient importance to warrant such a detailed discussion. For the purpose of illustration we will take two or three of the rulings complained of in their order. Mr. Kamansky testified that at the time of the fire he represented the insurance company, "doing insurance business," and "was employed by them to look after their interests." He was then shown a letter which he testified was written by Mr. Williams. He was then asked if he knew what relation Williams sustained to the insurance company. This question was objected to upon the ground that he could not know of his own personal knowledge and that the policy provided how agents must be appointed. The objection was overruled, and the witness answered that he did not know except by hearsay. In the first place, the question was a proper one. It only inquired whether or not he knew the fact. In the next place, the answer was such that the objection became utterly inconsequential, and to urge it here is frivolous. The time of this court is too valuable to be consumed in examining records for the purpose of investigating such points as this. Mr. Wyman was another person who had dealings with the plaintiff. Mr. Kamansky was asked, "Who was Mr. Wyman?" He answered, "Well, he is a representative of the company." The defendant then moved to strike out all the testimony in relation to Wyman unless the company was connected with these men. This motion was overruled,—properly so. The question was a competent question, and if the motion had been to strike out the answer as stating the witness' conclusion, it might have been well taken; but the motion referred vaguely to some other testimony, and at the time it was made the plaintiff was proceeding, as well as it could, to establish the connection between Wyman and the company. Moreover, the question was at once repeated, and the answer this time was that Wyman had been repre-

sented to the witness as the company's representative. On motion of the defendant this testimony was then stricken out. The same remarks apply to this assignment as to the other. These illustrations, we think, are sufficient to disclose the futility of any elaborate discussion of such assignments.

In a general way, the other assignments may be said to be based upon evidence as to statements made by Williams or Wyman as to their authority and to evidence of their conduct, upon the ground that no authority had been shown in them. As to the first of these classes, it is sufficient to say that on every occasion when a question was asked directly calling for the declarations of these persons as to their authority the court promptly sustained objections thereto, and where their statements were admitted they were statements made in the course of negotiations and were admissible, and were admitted not for the purpose of proving agency, but as part of the *res gestœ*. As to the latter class of objections, we think counsel, to a certain extent, misapprehended the precise issue involved. There was no doubt of the authority of the agent to issue the policy. Its issuance and the payment of premium were expressly admitted.

The defense was two-fold: First, that the plaintiff had not made proper proofs of loss; and second, that the action was not begun within six months, as the policy required. The legal aspects of these defenses will be hereafter considered. It was proved by Kamansky himself that he was a local agent for the company with authority to take applications and some authority at least to collect premiums. Immediately after the fire the plaintiff's secretary gave to him oral notice of the fire and requested him to communicate with the company, which he at once did. Counsel conceive that the plaintiff was endeavoring to establish a waiver by Kamansky of the requirements as to proof of loss, and that no authority to do so was shown; but for

plaintiff's real purpose Kamansky's authority was immaterial. What notice or proof of loss was required will be considered later. If the notice given to the general agent in Chicago by Kamansky was sufficient notice, it was entirely immaterial what Kamansky's authority as agent was or whether he had any authority. If he was not the company's agent, by complying with the plaintiff's demand and notifying the proper officer of the company he constituted himself the plaintiff's agent to give the notice. If the case rested upon any waiver by Kamansky, we would agree with the defendant that no authority was shown in him; but the question was not whether Kamansky had waived proof of loss, but whether notice of loss had been given the Chicago office, and whether that notice was sufficient. This notice did not have to be given through the company's agent, but might be given by the plaintiff or by any one delegated by the plaintiff for that purpose. The plaintiff was endeavoring to meet the other defense by showing that the company lulled defendant into a sense of security by negotiations and proposals until the six months allowed by the policy for bringing suit had expired. These negotiations were carried on by Kamansky, Williams, and Wyman. Without any regard to declarations made by any of these men, there is ample evidence to show that all of them sustained some relation of agency to the company; that they habitually acted for it in the examination and adjustment of losses, and their acts were recognized by the company. If the special limitation in the policy was valid, and if the negotiations and proposals during that period excused the plaintiff from earlier beginning this suit, we think there was ample to charge the company with the consequences of the acts of these men in that behalf.

Coming now to the assignments of error relating to the instructions, we will consider first the law as applicable to this case in regard to notice or proofs of loss. On this subject the court gave the following instruction: "And

upon the issues found it devolves upon the plaintiffs to
prove by a preponderance of the evidence its ownership of
the property insured and the destruction of the same by
fire, as alleged, and the value of said property at the time
of its destruction, and that the plaintiff immediately after
such loss notified the said company, or its adjusting agent,
of the destruction of said property, or that the plaintiff gave
defendant notice of such loss, although not in exact con-
formity with the requirement of said policy, and that the
notice was received by the company without objection and
without suggesting that it did not conform to the terms of the
said policy, in such case defendant will be deemed to have
waived other or further proof of the said loss." The defend-
ant requested a peremptory instruction to find for the de-
fendant, because there was no evidence that proofs of loss
had been made. The policy in evidence is very simple in
its requirements. The following are the only provisions
as to notice or proofs of loss: " The Phenix Insurance
Company hereby agrees to make good unto the insured,
their executors, administrators, or assigns, upon receipt of
proper proofs at its Chicago office, all such immediate loss,"
etc.; also, " In case of loss or damage the insured shall forth-
with give notice of such loss in writing to the company."
It will be observed that the policy does not specify in what
form the proofs or notice shall be given, except that the
notice shall be in writing. The evidence shows that, upon
request of plaintiff's secretary, Kamansky did notify in
writing the Chicago office, and that thereafter a person,
whom Kamansky testifies was the adjuster, appeared upon
the scene and negotiations in regard to the loss were had.
It does not appear that objections were ever made that the
notice was insufficient or that the plaintiff was ever called
upon for other or further proofs. In *Continental Ins. Co.
v. Lippold*, 3 Neb., 391, it was said that the clauses in
a policy as to preliminary proofs and notice should al-
ways be construed with great liberality, and that if objec-

tion is made by the company to the form of proof of loss,
it is its duty to notify the party of the alleged defect, and
failing to do so, it will be deemed waived.   In *State Ins.
Co. v. Schreck*, 27 Neb., 527, the policy did not require
written notice, and it was held that under such a policy,
where agents of the company were present at the fire
and agreed to give notice to the company, and soon there-
after an adjuster appeared, this was sufficient.   In *Union
Ins. Co. v. Barwick*, 36 Neb., 223, it is repeated that if
objection is made to the form of the proof it should be
communicated to the insured, and he should be required to
make out a full statement, otherwise the objection will be
unavailing; that if a company has notice from its own
agent that a loss has occurred and it sends an adjuster to
estimate the amount, that constitutes a waiver.   These au-
thorities are all applicable to the case under consideration.
There being no requirement as to the nature of the proof or
notice, and notice in writing having been given by the au-
thority of the plaintiff, and the adjuster having appeared in
response thereto, this was a sufficient compliance with the
policy, no objections having been communicated to the in-
sured and no further proofs or information having been
requested.

It is said that no waiver is pleaded.   The amended peti-
tion pleads a performance of "all the conditions of said
policy of insurance except final proof of loss, which was
waived by the defendant."   It is charged by plaintiff in
error that the last clause was not in the petition when the
case was tried, and a passage near the close of the bill of
exceptions tends to corroborate this statement.   We place
the decision rather upon the ground that the terms had
been complied with than that there had been a waiver;
but if the case was one of waiver, we would have to accept
the transcript of the record, authenticated by the clerk's
certificate, as conclusive evidence of the contents of the
pleadings, and could not permit this evidence to be im-

peached, either by statements of counsel or by colloquies in the bill of exceptions between counsel and the trial judge. It is true that there is a clause in this policy denying to agents the power to waive any of its terms or conditions, except in the case of a general agent at Chicago, who is only empowered to waive conditions by writing. This is not such a case as that of the *German Ins. Co. v. Heiduk*, 30 Neb., 288, where such a provision was enforced. There is a distinction between waiving the terms of a policy and accepting and acting upon an attempted performance of such terms in such a manner as to adopt such attempts as a compliance. Probably no special agent could orally waive the requirement as to notice of loss, but the company itself, acting through an agent of general authority or one of special authority in that regard, might, and in this case did, accept what was done as sufficient and estop itself from requiring anything further.

The limitation clause in the policy was as follows: "No suit or action against this company shall be sustainable in any court of law or chancery unless commenced within six months next after such loss shall occur, any statute of limitations to the contrary notwithstanding." A respectable line of authorities is to be found in support of the validity of similar provisions. There have been at least two cases in this court whose language indicates that such provisions under certain conditions are enforceable. (*Barnes v. McMurtry*, 29 Neb., 178; *German Ins. Co. v. Fairbank*, 32 Neb., 750.) In no case, however, has effect been given to such a provision in this state. Notwithstanding the authorities upon the subject, the writer would hesitate to commit himself to the view that the parties to a contract may bind the courts to a period of limitations other than that prescribed by statute. That question is not, however, necessarily in this case. The court instructed the jury upon the subject as follows: "If you find from the evidence that the defendant, by any conduct or statement of its adjusting agent

while attempting to adjust the said loss, did that which calculated to induce a reasonable belief in the plaintiff that the claim would be paid without suit, and that the plaintiff was reasonably induced by such conduct of defendant and proposition of settlement to withhold bringing suit until after six months after said loss, then defendant will be deemed to have waived the right to insist upon requiring such suit to be brought within six months from the date of the loss." The evidence fairly tended to support this instruction. Persons undoubtedly authorized to represent the company to some extent and for some purposes in the adjustment of the loss were shown to have conducted negotiations and made proposals for settlement until after the expiration of six months. We have no doubt that if such a provision is of any validity the company may, by its conduct, estop itself from claiming the benefit thereof, and that when the company by holding out prospects of an amicable settlement induces the plaintiff to forbear suit until after the expiration of the time limited, the company is thereby estopped from claiming the benefit of the special limitation. (*Thompson v. Phenix Ins. Co.*, 136 U. S., 287; *Steel v. Phenix Ins. Co.*, 47 Fed. Rep., 863; *Martin v. State Ins. Co.*, 44 N. J. Law, 485; *Ripley v. Ætna Ins. Co.*, 30 N. Y., 136; *Blanks v. Hibernia Ins. Co.*, 36 La. Ann., 599; *St. Paul Fire & Marine Ins. Co. v. McGregor*, 63 Tex., 399; *Bish v. Hawkeye Ins. Co.*, 69 Ia., 184; *Home Ins. Co. v. Myer*, 93 Ill., 271.) All of the cases above cited fully recognize the principle and sustain the instruction given by the trial court. Some of them hold that under the facts of the cases under consideration there was no estoppel, but those cases were either where there was a denial of liability accompanying an offer to compromise or cases where there was distinct denial of liability following negotiations for a settlement and within such a period that there was a reasonable time after such denial to begin the suit before the period of limitations expired.

We can find neither error in the record nor merit in the defense interposed.

JUDGMENT AFFIRMED.