### BURLINGTON INSURANCE COMPANY V. N. TOBY.

#### No. 749.

1. **Fire Insurance—Proofs of Loss, Waiver of.**—Where the assured incurs much expense and trouble and loss of time in attempting to adjust the loss, under promise that it can be settled, the insurance company will be held to have waived technical proofs of loss within sixty days, especially where the policy does not provide for a forfeiture in the event of failure to present proofs of loss within the sixty days.

2. **Same—Limitation, Waiver of.**—Where the insurance policy required suit to be brought within six months after the loss, but the company purposely held out to the assured that the loss would be adjusted, and kept him waiting until after the expiration of the six months, it can not interpose such limitation as a bar to recovery.

APPEAL from Dallas.   Tried below before Hon. R. E. BURKE.

*Tomason & Rasbury*, for appellant.—1.   A waiver to be operative must be supported by a valuable consideration.   Ripley v. Ins. Co., 30 N. Y., 136; 2 Woods on Fire Ins., pp. 947, 948 and cases cited.

2.   Representation and stipulations in a contract as to something future to be done often constitute conditions precedent to be performed by one party before any liability attaches to another.   1 Add. on Con., sec. 231; 2 Wood on Fire Ins., secs. 439, 473; Bowlin v. Ins. Co., 31 N. W. Rep., 859.

*Morris & Crow*, for appellee.—1.   An insurance company may waive proofs of loss required in its policy, and no consideration therefor is necessary, except such as arises out of the contract itself, and a failure to furnish proofs of loss will not work a forfeiture unless the policy specially so provides.   Ins. Co. v. Dyches, 56 Texas, 565; Ins. Co. v. Mattingly, 77 Texas, 162.

2.   An insurance company may waive the limitation clause provided for in its policy, or by its conduct estop itself from insisting on a performance of the same.   Ins. Co. v. Lacroix, 45 Texas, 158; Ins. Co. v. McGregor, 63 Texas, 399.

LIGHTFOOT, CHIEF JUSTICE.—Appellant's statement of the case is concurred in by appellee, and is adopted, as follows:

"On October 7, 1889, appellee made application to appellant to become insured with appellant in the sum of $1000, and on October 7, 1889, a policy of insurance was duly issued to appellee, said policy expiring at noon October 7, 1890, and insured appellee in the sum of $500 on his office furniture and fixtures and instruments used for architectural purposes, books and architectural works, at not to exceed cost price, and $500 on his drawings, designs, plans, his own or held by him in trust, at not to exceed cost price, all while contained in the three-story brick, metal-roof building, known as the Merchants' Exchange, situated on the northwest corner of Commerce and Lamar streets, Dallas, Texas.   On or about July 14, 1890, said building was

burned, and the property covered by the insurance policy held by appellee was destroyed. On May 31, 1891, appellee instituted suit in the District Court of Dallas County against appellant for the face value of said policy."

On June 27, 1893, judgment was rendered against appellant, from which this appeal is taken.

The facts justify the conclusion, that the policy described in plaintiff's petition was in full force at the time of the fire, which occurred July 14, 1890, destroying the property insured, without appellee's fault, and that his loss and damage by such fire was fully as much as the amount of the judgment rendered herein. That the facts show that appellant waived the presentation of formal proofs of loss within sixty days after the fire, and waived that clause in the policy requiring that suit should be brought within six months after the loss. Other facts will be considered under the different assignments of error.

1. Under the second, fourth, and eighth assignments of error, it is claimed by appellant that there was no proper pleading of a waiver of proofs of loss, and that the charge of the court did not properly present that issue to the jury.

A waiver of the proofs of the loss was properly pleaded by the plaintiff below. It was proved that plaintiff was absent from the State, traveling for his wife's health, at the time of the loss. The appellant had prompt notice of the fire, and appointed C. H. Langdeau, at Dallas, Texas, after the fire occurred, to adjust the loss under this policy. Alford & Scurry were local agents for appellant at Dallas. When appellee heard of the fire, he made out an inventory of the property lost and sent it to his agents, Gaston & Gaston, at Dallas, Texas, about twenty-five or thirty days after the fire, with authority to them to do what was necessary and proper to adjust and settle the loss. This inventory and power were lost, and did not reach Gaston & Gaston. Afterward, in October, he sent another inventory and power to them, with similar instructions. Gaston & Gaston saw the local agents of the company, Alford & Scurry, who assured them that the insurance company would take no advantage of the delay, and that Langdeau would adjust the loss, and it would be settled by the company. After much delay Gaston & Gaston saw Langdeau, who led them to believe that a settlement would be made if they could get the appellee to come in person, but that he could not settle with his agents. This fact being communicated to appellee, he came from Maine to Texas to enter into the settlement of his loss. After appellee had incurred much expense and trouble and loss of time in attempting to adjust the loss under the promise that it would be settled, appellant will be held to have waived the presentation of technical proofs of loss within sixty days; especially in view of the fact that the policy sued on does not in any sense provide for a forfeiture in the event of a failure to present proofs of loss within sixty days. Ins. Co. v. Mattingly, 77 Texas, 162.

2. Under the third, sixth and seventh assignments of error, appellant claims, (1) that there was no proper pleading to show a waiver of the clause of the policy requiring suit to be brought within six months after the fire; (2) that the court erred in refusing appellant's special instruction, to the effect, that unless the written authority from appellant to Alford & Scurry, as its agents, authorized them to waive the six months' limitation, they had no such power; (3) that the court in its charge to the jury did not properly instruct them upon the subject.

The pleading of the plaintiff below was amply sufficient to show a waiver by appellant of the six months' limitation. The evidence established that Alford & Scurry were the local agents of appellant at Dallas, with the power to obtain business for the company, and to countersign policies of insurance; that after Gaston & Gaston obtained the power from appellee to settle his loss they applied to Alford & Scurry, and got them to write to the company to have a man appointed to adjust the loss; that Alford & Scurry acted as intermediaries between Gaston & Gaston and the company, and in getting an interview between them and Langdeau. That the delay was caused by the company in not getting Langdeau to Dallas to adjust the loss, and Alford & Scurry promised that no advantage would be taken of the time, but that the loss would be adjusted and settled when Langdeau arrived; that Langdeau when he did arrive refused to negotiate with Gaston & Gaston, but promised that he would enter into a settlement with appellee if he would come to Dallas; that the latter, induced by this promise, did come to Texas from Maine, in order to make the settlement, and arrived about the middle of December. That Langdeau avoided a meeting with him, although repeated efforts were made by appellee to enter into such negotiation, and during all this time Alford & Scurry, as the company's agents, were holding out to appellee that no advantage would be taken of the delay. After the six months had elapsed, in January, 1891, Langdeau informed appellee that his authority was withdrawn, and he declined to go into an adjustment.

The company knew of Langdeau's course, and approved of it. The facts and circumstances justify the conclusion that appellant purposely held out to appellee the idea that the loss would be adjusted, and kept him waiting for such adjustment until after the expiration of the six months.

If Alford & Scurry were agents of the company and acted for it, either in conjunction with Langdeau or otherwise, in procuring the delay, the company is in no condition to take advantage of its own wrong. If Alford & Scurry, with the knowledge of the company, did in fact act for it in conjuncture with Langdeau in matters outside of the powers especially contained in their written appointment as agents, of which writing appellee knew nothing, the company would be bound by the acts of Alford & Scurry and Langdeau, and if they promised for the company, or by their acts and declarations led appel-

lee to believe that no advantage would be taken of the delay, the company could not successfully interpose the limition for such a time; but such acts and declarations would amount to a waiver of the six months' limitation contained in the policy. Ins. Co. v. Lacroix, 45 Texas, 158; Ins. Co. v. McGregor, 63 Texas, 399; Railway v. Trawick, 80 Texas, 273.

In the last cited case, Judge Stayton said: "The rule upon the subject stated in the opinion of the Supreme Court of New York in the case of Ripley v. Insurance Company, 29 New York, 557, meets with our approbation. It is there said: 'A twelve months' statute of limitation, although assented to by the parties, operates as a forfeiture. It is therefore to be strictly construed. Slight evidence of waiver, as in other cases of forfeiture, will be sufficient to defeat its application.' Ins. Co. v. Dodge, 44 Mich., 423; Ins. Co. v. Meyer, 93 Ill., 276; Derrick v. Ins. Co., 74 Ill., 408.

"In the case of Martin v. State Insurance Company, 44 New Jersey Law Reports, the Supreme Court of New Jersey said: 'If the delay to bring suit is a result to which the company mainly contributed by holding out hopes of amicable adjustment, the company can not be permitted to take advantage of the delay under the limitation clause of the policy.'

"This court said in the case of St. Paul Fire Insurance Company v. McGregor, 63 Texas, 404, 'if the course of conduct pursued by the appellant was such as to induce the appellee to believe that the sum admitted to be due on the adjustment made would be paid without suit, and for this reason suit was not brought within the time prescribed, then under well settled principles applicable to such cases this action may be maintained after the expiration of the time prescribed.'"

In this case, outside of the question of the agency of Alford & Scurry, and the extent of their powers and the force of their promises, the testimony justifies the conclusion, that the company by its course of dealing with appellee induced him to believe that if he would come to Texas, the company's adjusting agent, Langdeau, would adjust the loss; that he did come, and by every reasonable means endeavored to get Langdeau into a settlement; that the latter, in order to obtain the benefit of the six months' limitation, through different pretexts, put appellee off by holding out the idea that the loss would be settled, for nearly a month, and evaded a settlement until after the six months' had expired, when Langdeau's agency was immediately withdrawn, and appellee notified that he was no longer the company's agent. Such conduct amounts to a waiver of the six months' limitation in the policy.

The charge of the court as given upon the subject is not objectionable, and if appellant desired other phases of the question presented, it should have requested special instructions.

Upon the whole, the justice of the case has been reached; we find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered April 10, 1895.