**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

**v.**

**Nathan HOWETH, Appellee.**

**No. 7826.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 3, 1967.

Rehearing Denied Oct. 31, 1967.

Brady Coleman, Kenley, Boyland & Hawthorn, Longview, for appellant.

Vaughan Stewart, Wellborn & Houston, Henderson, for appellee.

FANNING, Justice.

Plaintiff-appellee Nathan Howeth, on December 31, 1964, filed suit against defendant-appellant insurance company upon an insurance policy to recover damages to plaintiff's dwelling caused by a sonic boom. Appellee purchased the policy in May, 1961, from appellant and the policy was in full force and effect in September, 1962. In early September, 1962, appellee contended his house was damaged by a sonic boom vibration, causing a crack in the foundation, and causing various damages to his dwelling.

Defendant-appellant resisted the claim on the basis that (1) plaintiff's damages resulted from foundation settling, an exclusion under the policy, and not sonic boom, which was a covered peril, and (2) that under the policy conditions the plaintiff was barred from asserting his cause of action more than two years and one day after the cause of action accrued. In connection with contention 2 appellant contended that it had denied plaintiff's claim on September 26, 1962, and that plaintiff's suit filed December 31, 1964, was barred under the terms of the policy.

In response to submitted special issues, the jury found to the effect: (1) plaintiff's home was damaged by sonic boom vibration on or about September 1, 1962; (2) and (3), the reasonable cash market values of plaintiff's dwelling immediately before and immediately after the sonic boom were respectively $15,000.00 and $12,000.00; and

(4) the reasonable cost to repair or replace the damage to plaintiff's dwelling, allowing a proper deduction for depreciation, if any, within a reasonable time after the sonic boom, was $2,250.00; (5) that defendant through its agents represented to plaintiff, either by words, deeds or acts, that plaintiff's claim would be settled without filing suit; (6) that plaintiff relied upon such representations from the date of damage until suit was filed; (7) that in relying upon said representations plaintiff acted as a reasonably prudent person would have acted under the same or similar circumstances; (8) that the damages to plaintiff's building, if any, were not caused by the natural process of foundation settling; (9) nor were such damages, if any, caused by the combined effects of sonic boom and foundation settling, etc.; (10) that plaintiff's claim made the basis of this lawsuit was not finally denied by defendant on or prior to September 26, 1962.

The trial court entered judgment for plaintiff for $2,250.00, plus $247.50 as interest. Appellant has appealed.

Appellant on appeal contends to the effect that plaintiff's cause of action was barred by policy limitations as a matter of law and that there was no evidence that defendant waived such provisions or was estopped to assert same, that there was no evidence to support the jury's answers to special issues 10 and 5, that the evidence was insufficient to support the jury's answer to special issue No. 5, and that the overwhelming preponderance of the evidence is contrary to the jury's answer to special issue 10. Appellant also makes certain complaints with respect to the submission and form of special issue 5.

The policy of insurance provided in part as follows:

"* * *. ACTION AGAINST COMPANY. No suit or action on this policy for the recovery of any claims shall be sustainable in any court of law or equity unless all the requirements of this policy

shall have been complied with, nor as respects claims under:

"Section 1—Property section: Unless commenced within two years and one day next after cause of action accrues:"

The alleged loss occurred in early September, 1962. Appellant contends that it (by adjuster Truelove) denied liability on September 26, 1962, and that plaintiff's cause of action then accrued and was required to be brought within two years and one day thereafter, and that the filing of the suit on December 31, 1964, about 3 months subsequent to the running of the two years and one day provision relied on by the insurance company, was too late.

It was plaintiff's position that the claim was not finally and conclusively denied by appellant insurance company on September 26, 1962, but that adjuster Truelove and local agent Phillips by their actions led plaintiff to believe that his claim was still being considered and in the process of adjustment and that he was assured by local agent Phillips that he would be paid for his loss and that he believed this up until the time he filed suit. In short, it is appellee's position that appellant is estopped to rely upon and has waived its rights to rely on the two year and one day limitation provision in the policy.

■ With reference to the date upon which the two year and one day limitation began to run, the policy states that it is when the insured's cause of action accrues. It has been generally held that in such cases that the cause of action accrues when liability is denied by the insurer. See 32 Tex.Jur.2d, § 384, p. 594, and cases cited. We think, however, that this denial should be not merely a tentative denial with the claim still left open and still being negotiated for settlement between the insured and the insurance company.

In 32 Tex.Jur.2d, Insurance, § 399, p. 400, it is stated:

"A policy provision limiting the time within which suit may be brought is for the benefit of the insurer and may be waived by denying liability, by failing to furnish blanks required for proof when requested by the beneficiary, or by continuing to recognize liability after the limitation period has expired. *Thus, if the conduct of a fire insurance company after adjusting a loss has been such as to induce the insured to believe that the sum admitted to be due on the adjustment will be paid without suit, and for that reason suit is not brought in the time limited by the terms of the policy, an action on the policy may nevertheless be maintained.*" (Emphasis added)

In Gulf, C. & S. F. Ry. Co. v. Trawick, 80 Tex. 270, 15 S.W. 568 (1891) it was stated:

"The question of waiver of similar clauses in policies of insurance has been frequently considered by the courts of our own and other states. While there exist some material differences in its application to the two descriptions of contracts, the principle is substantially the same in both cases. The rule upon the subject stated in the opinion of the supreme court of New York in the case of Ripley v. [Astor] Insurance Co., 29 Barb. [552], 557, meets with our approbation. It is there said: 'A twelve-months statute of limitations, although assented to by the parties, operates as a forfeiture. It is therefore to be strictly construed. Slight evidence of waiver, as in other cases of forfeiture, will be sufficient to defeat its application.' "

■ In St. Paul Fire & Marine Insurance Company v. McGregor, 63 Tex. 399 (1885) it was held that where a defendant insurance company, by its acts in negotiating for settlement of a claim, has led the insured to believe that he will be paid without suit, the company can not take advantage of the provision in its policy requiring action to be brought within a stated time after loss.

In Burlington Ins. Co. v. Tobey, 10 Tex. Civ.App. 425, 30 S.W. 1111 (1895) it was

held that where the agents of an insurance company promised to adjust the loss if plaintiff would come to Texas, and plaintiff did so, and endeavored to effect a settlement, which was evaded by the company's adjuster, and the agents represented that no advantage would be taken of the delay, and the company acquiesced in the conduct of its agents, such acts will amount to a waiver of the provision in the policy that suit must be brought within six months after the loss, whether plaintiff knew of the limitation of the agents' authority forbidding them to waive such provision or not.

In London & Lancashire Ins. Co. v. Higgins, Tex.Civ.App., 68 S.W.2d 1056 (1934), the insured filed a proof of loss with the local insurance agency and was told that nothing else needed to be done.

After the time allowed for the filing of a formal proof of loss had elapsed, the insurer complained of the sufficiency of the proof of loss. The insured testified that he called the local agency repeatedly and each time was advised that nothing further was required of him. The court held that the facts and circumstances were sufficient to raise an issue of waiver of strict compliance with the provisions of the policy.

Appellant insurance company never in writing refused appellant's claim.

Appellee's only contacts with the insurance company was by his contacts with its adjuster Trulove and its local agent Phillips. Appellee in his brief summarizes the evidence with respect to the limitation and/or waiver of limitation issue as follows:

"We will, at this point quote from that portion of Appellee's testimony which touches upon the limitations question:
'I inspected the damage to my home and then a few days later reported it to my insurance company. I made the report to Mr. Scooter Phillips at his office. I told Mr. Phillips that I had witnessed the damage. Three or four days later, he (Mr. Phillips) and Mr. True-

love, an adjuster, came out to my house. Either Mr. Phillips or Mr. Truelove filled out a "Notice of Loss". A copy of the "Notice" was mailed to me later. Mr. Truelove checked my house and said he would turn in his report to the company, but it was his opinion that the loss was not covered. A few days later, I went to see Mr. Phillips and told him that I thought I was covered under my policy. Mr. Phillips told me that I was covered for sonic boom and that he would get a re-claim. He explained that a re-claim meant the company would get an adjuster back over. After this, Mr. Truelove came back to my house but I was working and missed him. I finally saw Mr. Truelove again at the Preston Insurance Agency office about two or three months later and *he said that he had received additional information from the Dallas office on sonic booms and that he was re-evaluating my claim.* I kept waiting for Mr. Truelove to contact me and continued to see Mr. Phillips on numerous occasions. Finally Mr. Phillips told me that the company had again refused my claim, but that he would contact the company adjuster in Tyler. I waited for the company adjuster, Mr. Bell, to come to see me, but I was not home when he came. Mr. Phillips then gave me Mr. Bell's telephone number in Tyler and told me to call him. I tried on thirteen occasions to talk with Mr. Bell on the phone, but I was always told he was out or was on another line. I mentioned this to Mr. Phillips, and he kept assuring me that I was covered for sonic booms. I believed that Mr. Truelove and Mr. Phillips were going to take some further action on my claim, and relied upon what they told me up until I filed suit.' (emphasis added)

"Mr. Truelove, the adjuster employed by Appellant, testified by deposition and in person. His testimony is rather vague since he admitted that he had forgotten

many of the details of investigation; and that the records on this file had been destroyed. However, he did admit that he talked with Appellee on several occasions. He also admitted that Mr. Phillips from the Preston Insurance Agency was with him on the various occasions when he talked with Mr. Howeth.

"Nowhere in the record is there any evidence either by testimony or by document, that Appellant flatly refused to pay the claim." (Note: Omitted are various references to the Statement of Facts).

As above stated, appellant insurance company never denied appellant's claim in writing. We think the evidence is subject to the construction that appellant's adjuster Truelove at first at least tentatively thought the loss was not covered—however, his subsequent statements, actions and conduct and the statements, actions and conduct of the local agent Phillips at least had the effect of lulling appellee to sleep with respect to filing suit, which statements, actions and conduct of appellant's agents caused appellee to believe that appellant was in good faith seeking to adjust his claim and causing him to believe that appellant insurance company would pay his claim.

Since the policy provision limiting the time within which suit may be brought is clearly for the benefit of the insurer, it is a forfeiture provision which should be strictly construed. And, as stated in *Trawick* supra (80 Tex. 270, 15 S.W. 568): "Slight evidence of waiver, as in other cases of forfeiture, will be sufficient to defeat its application".

After carefully reviewing the entire record we hold that there was evidence of probative force to support the jury's answers to special issues 5 and 10; that the evidence to support issue 5 was sufficient, and that the answer of the jury to issue No. 10 was not so contrary to the great and overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. We also find no reversible error in the submission and form of special issue 5.

All of appellant's points are overruled.

The judgment of the trial court is affirmed.