# S. & W. WILSON *vs.* HUSTON.

1. If an endorser of a negotiable note, with a knowledge of the failure of the holder to make a demand upon the maker or acceptor, makes an unconditional promise to pay; or acts in such way as to show an acknowledgment of his liability, with a full knowledge of his discharge from his responsibility by the laches of the holder, such acts are an implied waiver of due notice of a demand upon the maker or acceptor.
2. What facts will excuse notice of a demand upon the maker or acceptor of a negotiable note, or amount to a waiver of such notice is a question of law for the determination of the court.

ERROR TO COLE CIRCUIT COURT.

HAYDEN, for plaintiff, in error.

1. The court errred in refusing to give and declare the law of the case to be as moved by plaintiffs in each, all and every of their said instructions, which were rejected by the court.

2. The circuit court erred in the said three instructions, voluntarily given by the court.

3. The finding of the count was against law and evidence, and the court erred in refusing to set aside the non-suit and to grant plaintiffs a new trial of the cause under the circumstances of the case.

ABELL & STRINGFELLOW, for defendant in error.

1. The evidence as to the irrelevancy of the maker of the note sued on was immaterial, the note being negotiable.

2. To make the endorser liable, a notice of demand and non-payment must be shown, or it must appear that the endorser having no notice, with a full knowledge of his rights, afterwards promised to pay the debt.

3. The only evidence in this case, even remotely bearing upon this point, is that of Smallwood. He testifies that nine months after the assignment, and three months after the note became due, and a demand should have been made, the defendant, as agent for the plaintiffs placed the note in his hands for suit; that a receipt was given to the plaintiffs and a suit, brought in their name by Smallwood, as the attorney, under the directions of defendant as agent for plaintiffs. There is no pretence of any promise by defendant, even impliedly, to pay the debt. There is no evidence of any means used by defendant to secure himself or in any manner to interfere as a party interested in the matter; much less of any waiver of his rights or of any promise to pay with knowledge of his rights.

4. If the question of notice and waiver of notice be held to be a question of law, the circuit court has properly decided the law by refusing the 9th instruction asked by the plaintiff.

5. The bill of particulars and the assignment both hold the plaintiffs to their remedy upon an assignment made before the maturity of the note. The bill of particulars alleges an endorsement on or about the 22d of May, 1843. The note was due on the 1st. of September, 1843, and the endorsement is without date.

6. There is no pretence of evidence that defendant ever saw the note from its endorsement in May, until on the 27th of December 1843, four months after its maturity, when, as agent, for plaintiffs, he placed it in Smallmood's hands for suit.

Baily on Bills, 137; 8 Wend. 600; 5 Mass. 339; Story on Bills, 318, '19, '20; 12 Mass. 52; 7 do. 449, 483; 9 do. 483; 4 do. 341; 8 Pick. 1; 17 do. 332; 4 Watts & Serg't. 328.

NAPTON, J., delivered the opinion of the court.

This was a suit against Huston as endorser of a negotiable note, made payable to him by J. W. and P. L. Smith. The case was submitted to the court without a jury. Upon the trial, the plaintiffs read the deposition of one Smallwood, who stated that some time in December, 1843, the defendant Huston, placed in his hands for collection the note sued on, for which the witness gave his receipt; that said Huston stated, that he had transferred the note to the plaintiffs; that the makers of the note resided in Ray county; that the witness (who was a lawyer) immediately instituted suit against the makers in the Ray circuit court, and obtained a judgment; that this suit was conducted from the beginning to its termination, under the direction of said Huston; that said Huston and the deponent boarded at the same house in Lexington, and had frequent conversations concerning said suit; that Huston had full knowledge of the manner in which said suit was conducted, and of every step taken in its progress. The deponent was under the impression, that Huston communicated to him as a reason why he undertook to have said note collected, that the makers were in a failing condition, and he apprehended a loss, if any delay occurred. The deponent further stated that he had no conversation with the Wilsons (plaintiffs,) or either of them, touching the note or suit, during its progress. The receipt which this witness executed to Huston, when he received the note for collection is as follows: "Received from Messrs. S. and W. Wilson for collection, by the hands of James Huston, a note drawn by Jas. W. and P. L. Smith, for the sum of one hundred and fifty dollars, payable twelve months after date, dated Sept. 18, 1842, bearing interest from date, at ten per cent, drawn payable to Jas. Huston, and by him assigned to S. and W. Wilson. Dec. 27, 1843.                    L. W. SMALLWOOD."

This was the only evidence in the case touching the question of notice or waiver of notice on the part of Huston.

The plaintiffs asked thirteen instructions, most of which were refused. The court declared the following to be the law applicable to the case: "The law of this case is, that if the plaintiffs have not given sufficient evidence to show that the note in controversy was endorsed at a different time from that stated in their bill of particulars, it ought to be considered as true that said note was endorsed at the time mentioned in the bill of particulars. If the note in question was endorsed before its maturity, the defendant was entitled to notice of the non payment thereof by the makers within a reasonable time after such note had been pre-

sented and payment refused. If the note in question was endorsed before its maturity, the plaintiffs in order to relieve themselves from the necessity of giving notice to the defendant of the non payment threof, must show a waiver of the right on the part of Huston, either express or implied, to demand such notice, or a promise to pay such note after its dishonor with a knowledge of the facts of its presentment for payment, and dishonor or failure of plaintiffs to present such note for payment."

The court also gave the 4th, 5th, 7th and 8th instructions as requested by the plaintiff, which were as follows:

4th. "If the court find from the evidence, that at the time the note was assigned by the defendant to the plaintiffs, it was the understanding or agreement between them, that the defendant was to collect the money therein specified for the plaintiffs, and that the defendant to that end caused the suit to be instituted in the Ray circuit court, and prosecuted the same to judgment, execution &c., as set forth in said record, and proceedings of the Ray circuit court, which was read in evidence by the plaintiffs, and failed to collect the same as therein specified, then the court ought to find for the plaintiffs."

5th. "If the court find from the evidence, that it was the agreement or understanding between the plaintiffs and defendant, at the time the defendant assigned the note of the said Smiths to them, that he was to collect the money therein specified for said plaintiffs, then it was not necessary that the said plaintiffs should have given to said defendant notice of the non payment thereof, to them the said plaintiffs, even though the court shall find that the note was assigned before the money therein specified, became due."

7th. "If the court find from the evidence, that the defendant assigned said note to the plaintiffs as alleged in the declaration, and further find that the plaintiffs in their bill of particulars of their claim and demand filed in this cause and for which this suit is brought, have stated or specified therein that the said note was assigned and endorsed by him said defendant to said plaintiffs, on or about the 22 day of May 1843, as specified in said bill of particulars, that such statement of the particular time of the said assignment of the note does not require the plaintiffs to prove the assignment was made precisely as so stated, but they may prove that the note was assigned at a time subsequent or prior thereto."

8th. "The fact that the written endorsement of the said note to the plaintiffs, as read in evidence to the court, has no date thereto, is no evidence that the note was assigned by defendant to the plaintiffs before the money therein specified because due."

S. & W. WILSON vs. HUSTON.

The plaintiffs objected to the instructions given by the court and took a non suit. After an unsuccessful motion to set this non suit aside they appealed.

It is well settled, that if an endorser, with a knowledge of the failure of the holder to make a demand upon the maker or acceptor, makes an unconditional promise to pay, or acts in such a way as to show an acknowledgment of his liability, with a knowledge of the facts which would exempt him, such declarations and acts are an implied waiver of due notice of a demand upon the drawer or acceptor. These declarations and acts amount to an admission of the party making them, that the holder has a right to resort to him on the bill, and that he has received no damage for want of notice. Rogers vs Stephens, 2 J. R. 713. Thornton vs Wynn 12 Whea. 183. Hopkins vs Liswell. 12 Mass. R. 53.

Mr. Bayley remarks in his Treatise on Bills (ch. 9, 406,) that under an allegation of notice it may be questionable whether evidence can be given to excuse the want of notice, or whether, to let in such evidence, *the facts*, to excuse notice, *should not be specially pleaded.* If this conjecture be well founded, it establishes the proposition that what facts will excuse notice or amount to a waiver of notice must be a question of law for the determination of the Court. And this opinion, with some deviations in practice, seems to be the one generally adopted. Smith's Lea. cases 242. U. S. Dig. Tit. Pron : notes p. 618 ch. 16.

The instructions given by the Court at the instance of the plaintiffs were based upon this understanding of the law, and those given by the court of its own accord, so far as they went, were not inconsistent with this principle. Those instructions have not been objected to and so far as we can discover are unobjectionable. The only ground upon which the plaintiffs could be justified in taking a non suit, with any expectation that this court would set it aside, must be found in the refusal of the court to give certain instuctions asked by the plaintiffs. These instructions I have not embodied at length in the statement, because they contain a palpable and fatal defect which can be explained without reference to their phraseology or minute details. The 1st, 2nd, 3rd, 6th, 11th, and 12th instructions called upon the court to declare that certain facts, about which there was testimony, *conduced* to prove or establish certain other facts, and that from these facts the court *might* find a verdict for the plaintiffs. Instructions of this character can only amount to comments upon the testimony, and are a plain encroachment

upon the province of the triers of fact. They are only calculated to mislead where they are given to juries, and totally unnecessary where the court itself has been called upon to assume the settlement of both the facts and law of the case.

The 9th instruction is as follows: "That if the court find from the evidence, that the said defendant procured the said Smallwood to institute and prosecute said suit in the Ray circuit court, upon said note, after said assignment thereof, to judgment execution &c, as deposed to by said Smallwood, and is specified in said record and proceedings read in evidence by plaintiffs, then the court ought to find that the said defendant either had due notice of the non payment of the money in the note specified by the makers thereof, or that the said defendant had waived his right to demand or require such notice of the non payment thereof from said plaintiffs."

This is manifestly a *non sequitur*. There are circumstances and facts not alluded to in the instruction, which would control the liability of Huston upon the pypothesis stated. He may have taken the note as a mere agent for collection, and without considering himself as having any personal interest in the result. He may have taken it after it was due, and after his release had resulted from the failure of the plaintiffs to make a demand upon the Smiths. In either event he was no longer responsible, and his acting as agent for collection, either *ex gratia* or for reward, would not revive his liability. On the other hand, there are circumstances which might establish his liability. If Huston and the plaintiffs resided in the same town, and the former did not follow the business of collecting, the language attributed to him by the witness Smallwood, when pressing the suit against the Smiths, would go very far to show a knowledge on the part of Huston of the want of demand and an admission of his continued liability notwithstanding such laches. This would be a fact for the jury. The evidence in the case was meagre, and the apprehensions of the plaintiffs and their unwillingness to let the case go to a verdict, seems to have resulted rather from the meagreness of the evidence than from any failure on the part of the court to declare the legal principles upon which the verdict was to depend. Indeed it is not by any means apparent, that the plaintiffs were bound to lose a verdict. It was for them however to risk the case or not, as they preferred.

The 10th instruction was, that upon the facts given in evidence the plaintiffs were entitled to a verdict. This was not so as a proposition of law, although such might have been the result.

These are all the instructions refused, and as we can discover no error in declining to give them, the non suit must stand.

Judgment affirmed.

Ryland, Judge. I do not concur in this opinion.