ST. JOHN, Respondent, v. GERMAN-AMERICAN INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, October 18, 1904.

1. **INSURANCE: Proofs of Loss: Waiver.** Under sections 7977 and 7978 of the Revised Statutes of 1899, an insurance company, after receiving notice of loss or damage by fire from an insured, must use good faith and reasonably prompt action in furnishing blanks for proofs of loss, if it would avoid the waiver provided by the latter section. Any shuffling, tricky, evasive conduct, by which is manifested a purpose on the part of the insurance company to defeat the preparation of timely proofs of loss should be held a failure to comply with the requirements of the statute and waiver of the proofs of loss.

2. ———: ———: ———. Where the policy provided the proofs of loss should be furnished in sixty days and more than half the time had elapsed before the blanks were furnished to the insured, and then, after the proofs were filled and forwarded, the insurance company's adjuster returned them with a letter informing plaintiff that he must comply with every condition of the policy, but pointed out only two or three minor and unimportant objections and refused to furnish additional blanks when requested, finally denying all liability whatever, the insurance company was guilty of such a shuffling, evasive course as to constitute a waiver of the proofs of loss.

3. **PRACTICE: Instruction: Error Adopted by Appellant.** In an action upon an insurance policy which limited the liability of the defendant in case of loss to three-fourths of the cash value of the merchandise insured, an instruction given by the court on the measure of damages, which ignored that provision of the policy, was not error, where the defendant adopted the same rule for the measure of damages in an instruction which it moved the court to give.

St. John v. Insurance Company.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) Under the plain terms of the contract it was the duty of insured to produce for defendant's examination bills of purchases of goods. He kept no books. His loss could not be arrived at without some knowledge as to the amount of goods purchased. The condition is reasonable. Compliance with it was demanded. It was not complied with. It was not waived. Hence the court erred in refusing defendant's instruction 4, and in giving a peremptory instruction to find for plaintiff. Fleisch v. Ins. Co., 58 Mo. App. 604; Muller v. Ins. Co., 45 Mo. 84. (2) When blank forms for proofs of loss were transmitted by defendant to plaintiff a blank form for such certificate was included, and when the proofs were sent to defendant with a defective certificate the attention of plaintiff was called to the omission, and he was notified that compliance must be had. Ins. Co. v. Bank, 62 Fed. 222; Swearinger v. Ins. Co., 66 Mo. App. 90.

*J. J. Collins* and *Henry C. Young* for respondent.

(1) When Mr. Collins wrote and requested blank proofs for making up additional proofs of loss, he was met with a flat denial of liability on the part of the company. This operated as a waiver of the amended certificate, and certified copies of bills, invoices or vouchers. Welsh v. Life Soc., 81 Mo. App. 41; Probst v. Ins. Co., 64 Mo. App. 486; Cauverin v. Ancient Order of Pyramids, 98 Mo. App. 433, 72 S. W. 141. The instructions were therefore properly denied. (2) By section 7977, Revised Statutes 1899, it is provided that

St. John v. Insurance Company.

after notice of the loss shall have been given to the company or its agent, "then it shall thereupon become the duty of such insurance company to furnish to the person, etc., incurring such loss or damage, such blank forms of statements and proofs of loss as such insurance company may desire to be filled out, etc." And by virtue of section 7978, Revised Statutes 1899, a failure, neglect or refusal to furnish such blanks "in case of loss or damage by fire as provided in the preceding section," will operate as a waiver of such proofs of loss. As before stated, notice of the loss was given to Mr. Diggins, the local agent, on the day after the fire—March 31. The adjuster came on April 3, and it was not until May 5 that blank proofs of loss were forwarded by the agent of the company from Hannibal. On March 31, upon receipt of notice of the loss it "thereupon" became the duty of the company to furnish these blanks. In other words it became its duty to do so "immediately, at once, without delay." Webster's Unabridged Dictionary; 25 Am. and Eng. Ency. of Law, p. 1058; Hill v. Ward, 47 Kan. 340, 27 Pac. 988; Putnam v. Langley, 133 Mass. 204. (3) The company had therefore waived all right to these proofs of loss before it forwarded the blanks. Meyer Bros. v. Ins. Co., 73 Mo. App. 166.

BLAND, P. J.—On May 23, 1901, the defendant company issued to plaintiff its policy of insurance insuring his stock of merchandise (a grocery stock) in the sum of three hundred dollars and his household and kitchen furniture in the sum of two hundred dollars against damage or loss by fire for the period of one year. On the thirtieth day of March, 1902, the merchandise and furniture insured were mostly destroyed by fire. The suit was on the policy to recover the loss.

The answer admitted the insurance and delivery of the policy, but set up as a defense the failure of plain-

tiff to make proofs of loss as he was required to do by the terms of the policy.

At the close of the evidence the defendant moved the court to give sundry instructions; one was that under the pleadings and evidence the plaintiff was not entitled to recover. All these instructions were refused and the court of its own motion gave the following instruction:

"You are instructed that the evidence in this case on the part of both plaintiff and the defendant shows a waiver of the requirements of the policy in regard to proofs of loss.

"If, therefore, you find that plaintiff's goods were covered by the policy, and while the policy was in force, were destroyed by fire, you will find the issue in favor of plaintiff, and you will in that case assess his damages at the reasonable value of the goods destroyed, not to exceed the amount of two hundred dollars on the household goods, and not to exceed the sum of two hundred and forty-four dollars on the merchandise. You are not allowed anything for furniture and fixtures."

The propriety of giving this instruction, under the pleadings and the evidence, is brought here for review by the appeal.

The evidence of plaintiff tended to show that the loss on the merchandise, exclusive of fixtures, was about two hundred and forty-six dollars, and on household and kitchen furniture about four hundred dollars. The damages assessed by the jury were four hundred and forty-four dollars. The policy required immediate notice of loss should be given the insurance company after a fire, and that proofs of loss should be furnished within sixty days.

H. W. Diggins, the agent of the company who issued the policy and who resided in Springfield, Missouri, where the loss occurred, was immediately notified by plaintiff of the loss, went to the fire and looked over the premises and then and there promised plaintiff that he would notify the company. In the course of two or

three days, P. H. Knighton, the company's adjuster and special agent, appeared at Springfield, and in company with the plaintiff looked over the property that had been rescued from the fire and instructed plaintiff to make out an invoice of the goods that had been saved. Plaintiff made out invoices of the household and kitchen furniture that was saved, and of what had been lost as well, also an invoice of the portion of his grocery stock that had been saved, but was unable to invoice that portion of the grocery stock that had been lost by the fire, for the reason his bills of purchase had been burned in the fire and he had kept no book invoice of his purchases, and for the additional reason that a portion of the grocery stock consumed by the fire consisted of produce bought from farmer's wagons, of which no bills or invoices had been made. The invoices he prepared, he gave to Knighton who then demanded that plaintiff make out and furnish proofs of his loss. Plaintiff explained to him that his bills had been burned, that a portion of the stock lost consisted of country produce for which he never had any bills but that he would try and procure duplicate bills of the purchases made from wholesale houses and jobbers and furnish them as soon as he could. At this time Knighton had in his possession an invoice of the household and kitchen furniture that he himself had prepared, and offered plaintiff the sum of two hundred and fifty dollars in settlement of the entire loss. This offer plaintiff declined to accept and made a counter proposition which Knighton would not accept. Plaintiff testified, that at this juncture Knighton offered to submit the loss to arbitration, in accordance with the terms of the policy. Knighton, however, denied that he ever offered to submit the loss to arbitration, but that plaintiff made a proposition to submit the matter to arbitration which he declined to accept for the reason no proofs of loss had been made. Knighton left Springfield on the following day, and the

next communication plaintiff had from him was the following letter:

"Hannibal, Mo., 4—14—1902.

"B. S. St. John, Esq.,
    "Springfield, Mo.
"Dear Sir:

"This is to notify you that my visit to Springfield, Missouri, on the third and fifth inst. was solely for the purpose of investigation and not for the purpose of adjustment and settlement of your loss under policy No. 1422.

"This is to give you due notice that the German-American Insurance Company neither admits nor denies liability under said policy, and does not waive any of the conditions and stipulations contained in said policy No. 1422, issued to you through its agent at Springfield, Missouri.

"You are further notified to read your policy and comply with each and every condition named therein commencing at line one and ending at line No. 112.

"Very truly yours,

"GERMAN-AMERICAN INSURANCE CO.,
    "By P. H. KNIGHTON, Special Agent."

On May 5, 1902, Knighton transmitted to plaintiff by letter, blank proofs of loss and invoices which plaintiff received. A day or two before the reception of these blanks, plaintiff had procured from Diggins, blank proofs of loss corresponding in form to those sent by Knighton, and from the duplicate bills he had procured from the wholesale houses with which he had been trading, and from his recollection of the stock, filled up the blank proofs of loss and had them ready to send in at the time he received the blanks from Knighton. He filled in the blank invoices Knighton had sent him, attached them to the proofs of loss and mailed them to Knighton. On May 26, 1902, Knighton wrote plaintiff the following letter, inclosing the proofs of loss:

"Hannibal, Mo., May 26, 1902.
"B. S. St. John,
    "Springfield, Mo.
"Dear Sir:

"I am in receipt of certain paper, that you call proofs of loss, and schedules thereto attached.  If you intend these for proofs of loss, as provided in the conditions named in the policy, number 1422, issued to you by W. H. Diggins & Company, agents, at Springfield, Missouri, of the German-American Insurance Company, of New York, this is to notify you that they are not complete.  The amount of loss is not named in said certificate.  You failed to complete the magistrate's certificate.  The notary signing said magistrate's certificate does not live nearest the place of fire, as provided in said policy, lines 77, 78 and 79.  You further fail to show the total footings of the schedules attached.  You further fail to make said schedule a part of the proofs. You include in your stock schedule a lot of articles that are not covered by your policy.  The policy does not cover store furniture and fixtures.  You must make your schedule a part of the proofs, or certify you each that the articles and amounts named there are true and correct.  You fail to fill out that part of the proof that provides for the sound value, total insurance, etc., as provided in said policy.  You fail to give a detailed statement of the amount of the loss on each item named in said schedule, and as provided you should do in said policy.  You failed to complete schedule 3.  You have failed to produce the original or duly certified copies of all bills, invoices and vouchers showing your purchases since you commenced business, as provided in said policy, and you are further notified that you must comply with each and every condition named in said policy, commencing at line one, and ending at line one hundred and twelve, inclusive.

"Said papers are herewith returned to you, and your attention is again called to the fact that this com-

pany does not waive any of the conditions named in the above-named policy.

"Very truly yours,

"GERMAN-AMERICAN INSURANCE COMPANY."

On June 3, plaintiff's attorney wrote defendant as follows:

"Springfield, Mo., June 3, 1902.

"German-American Insurance Company of New York,

"Chicago, Ill.

"Gentlemen:

"On the twenty-first day of May, 1902, B. S. St. John of this city mailed you proofs of loss caused by the fire on the thirtieth day of March, 1902, of personal property covered by insurance under policy No. 1422, of the German-American Insurance Company. These proofs of loss were returned by your agent, Mr. Knighton, of Hannibal, Missouri. Mr. Knighton makes objection to this proof of loss for many reasons which I think immaterial.

"Mr. St. John has now placed this matter in my hands for collection. I have only to say in behalf of Mr. St. John that if your company desires any further proof of loss in this matter you will forward me proper blanks, and I will see that Mr. St. John answers all material questions appertaining to this loss under the law. "Yours truly.

"J. J. COLLINS."

On June 5, the manager of defendant company wrote as follows:

"Chicago, June 5, 1902.

"Mr. J. J. Collins, Attorney at Law,

"Baker Block, Springfield, Mo.

"Dear Sir:

"We have your favor of the third inst., in reference to the claim of B. S. St. John for loss under policy 1422, and will refer the same to our Missouri special agent,

Mr. P. H. Knighton, who has charge of our interests in the premises.       Yours very truly,

"EUGENE CAREY, Manager."

Nothing was heard from the Missouri agent, Knighton, until July 21, 1902, when he addressed the following letter to St. John.

"Hannibal, Mo., July 21, 1902.

"B. S. St. John, Esq.,

"Springfield, Mo.

"Dear Sir:

"I am in receipt of two letters from J. J. Collins, lawyer, in relation to your claim against this company under policy No. 1422, requesting the company to forward him blank proofs of loss. On May 5 we mailed you blank proofs of loss, and schedules, as the law provides.

"On May 26 we received proof of loss and schedules, which were not completed, and they were immediately returned to you with specific objections thereto. You having failed to complete said proofs within the time named in said policy, you have relieved the company from any liability.

"Yours very truly,

"P. H. KNIGHTON, Special Agent."

Plaintiff made no other proofs of loss and retained in his possession those returned to him. It is shown by the evidence that the notary, in his certificate to the proofs of loss, omitted to write in the amount of the loss and that the words, "five hundred dollars," in his certificate, were inserted by the notary after the proofs of loss had been returned to the plaintiff.

The proofs of loss are not abstracted in the record and we are uninformed as to all they contain. The statute (section 7977, Revised Statutes 1899), provides that notice of loss by fire shall be given the insurance company that issued the policy by the insured, and when

such notice is given "then it shall thereupon become the duty of such insurance company to furnish to the person, persons or corporation incurring such loss or damage, such blank forms of statements and proofs of loss as such insurance company may desire to be filled out," etc. The next succeeding section (7978) provides that if any such fire insurance company shall fail, neglect or refuse to furnish blank forms of statements and proofs of loss to the insured in case of loss or damage by fire, as provided in the preceding section, then such company shall be deemed to have waived the requirement of any such statements or proofs of loss. After receiving a notice of loss or damage by fire from the insured, the insurance company is entitled, under the statute, to a reasonable time in which to furnish the insured the blank proofs of loss. But good faith and reasonably prompt action on its part in the furnishing of these blanks is essential, if it would avoid the waiver provided by section 7978. Any shuffling, tricky, evasive conduct in this respect by which is manifested a purpose on the part of the insurance company to defeat the preparation of timely proofs of loss, in order to evade the payment of the damages, should be held a failure to comply with the requirements of the statute and a waiver of the proofs of loss. Maddox v. German Ins. Co., 39 Mo. App. 198. More than thirty of the sixty days time allowed by the policy in which to furnish proofs of loss passed before the blanks were furnished to plaintiff, and when the proofs were made and sent in only a few days of the sixty remained. Objections were made to the proofs and they were returned to plaintiff, accompanied by a letter of the adjuster in which plaintiff was told he must comply with every condition of the policy, "commencing at line one and ending at line one hundred and twelve." Two or three minor and unimportant objections were pointed out in this letter. If the objections to the proofs had been confined to these specific ones or to other specific ones, if there were others, there

would be some reason to believe that the company was trying in good faith to comply with the requirements of the statute. But viewing the conduct of Knighton in respect to the long delay in furnishing the blank proofs of loss, his unsatisfactory letter returning the proofs of loss made and furnished by the plaintiff, his refusal to furnish additional blanks as requested by the letter of plaintiff's attorney of date June 3, and his letter of July 21, in which he denies any liability whatever of the company on the policy, we are led to the conclusion that the defendant company, through Knighton, its Missouri agent, pursued a shuffling, tricky course of conduct in respect to the proofs of loss for the purpose of defeating a recovery on the policy and for this reason we think the trial court correctly held defendant's conduct was such an evasion of the statute in respect to the proofs of loss as to constitute a waiver thereof. Cox v. Sloan, 158 Mo. l. c. 429, 57 S. W. 1134; Wilson v. Huston, 13 Mo. 146; Selz v. Collins, 55 Mo. App. l. c. 62; 23 Am. and Eng. Ency. of Law (2 Ed.), p. 561.

2. The policy, as to the merchandise, limited the liability of the company in case of loss to three-fourths of its cash value. The instruction given by the court on the measure of damages ignored this provision of the policy. This would have been error had not the defendant adopted the same rule for the measure of damages as is shown by the instruction it moved the court to give.

The judgment is affirmed. *Reyburn* and *Goode, JJ.*, concur.